SAMUEL BLAISDELL *et al.*, petitioners for partition, *vs.* HENRY E. PRAY *et als.*

Kennebec. Decided June 7, 1878.

*Partition. Parties. Abatement. Process.*

A recital, in the record of a judgment of this court, that notice has been given to defendants out of the state, where there is an attachment of their property on the writ, is so far conclusive that the judgment cannot be set aside as a nullity when collaterally attacked.

Whether the fact, that two copartnerships having a common member are interested as tenants in common in the estate to be divided, would be a bar to the prosecution of a petition for partition by one of the firms on the ground that no one can be both plaintiff and defendant in a suit at law *quaere.*

An objection on that score is in the nature of a plea to the ability of the petitioners to prosecute, and if taken at all it must be by plea in abatement, and where the firm named in the petition as co-tenants are defaulted, other tenants in common cannot set it up under a plea denying the title, and seizin of both firms and alleging sole seizin in themselves. With the issue made up by such pleadings it has nothing to do and cannot be considered.

The rule that two creditors attaching their debtors' property at the same moment take in moieties, has no application to a case where the judgment in favor of one of them can be satisfied in full with less than half the property attached. The fact that the whole estate is subject to a right of dower hitherto unassigned, is no bar to partition.

ON REPORT.

PETITION FOR PARTITION.

*G. T. Stevens*, for the petitioners.

*E. F. Webb*, for the respondents.

BARROWS, J. The petitioners, Blaisdell & Hallett, levied an execution, issued upon a judgment recovered by them against Motley & Pray, upon 307–720ths of an undivided fifth of a farm formerly owned by the father of the judgment debtor, Pray, and here claim partition of the same, alleging that the tenants in common are the late firm of Leonard & Hallett jointly seized of 413–720ths of an undivided fifth, and the respondents, brothers and sisters of said Pray, each seized of one undivided fifth, the whole

being subject to the dower hitherto unassigned of one Emeline Pray, widow of said Pray's father, from whom the estate descended to his five children. The respondents in their plea deny the seizin of the petitioners and their interest as tenants in common, alleging that they themselves and the said judgment debtor are sole seized, and denying the seizin of Leonard & Hallett as tenants in common, as well as that of the petitioners.

The papers in the case indicate that the petitioner, Hallett, is the same person who, as member of the firm of Leonard & Hallett, is named as a tenant in common, and the facts and documents reported show that Blaisdell & Hallett and Leonard & Hallett, the levying creditors, attached Pray's interest in real estate at the same moment, and preserved their attachment by levies made at the same time upon the respective portions of his undivided fifth above stated. No question is made as to the regularity of the levies ; and Pray's interest in the estate in common with the respondents at the time of the attachment is admitted as alleged. But the respondents resist partition upon these grounds, viz:

I. They claim that the record of the plaintiffs' judgment does not show legal notice to Pray, the judgment debtor, who was out of the state; and hence they claim that the judgment is void, and that the plaintiffs acquired no interest in the premises by virtue of their levy.

II. Because, they say, the process cannot be maintained, when the same person (Hallett) is named both as a petitioner and also as a possible respondent.

III. Because the two creditor firms, attaching at the same moment, took moieties of the estate, and thus the petitioners' interest is not correctly described.

There is no force in the third objection. The doctrine of *Shove* v. *Dow*, 13 Mass. 529, obviously is not applicable to cases where, as here, one of the several creditors attaching at the same moment can be and is fully paid with less than the proportion to which he would be entitled in a case of deficiency.

As to the second objection, we remark that Leonard & Hallett do not resist the proposed petition and are defaulted. The

respondents seek to defeat the petitioners upon the technical ground that according to their own showing two copartnerships, having a common member, are interested as tenants in common in the estate to be divided, and they invoke the principle that one and the same person cannot be both plaintiff and defendant in an action at law. No doubt this is true where there is a contract to be enforced or a wrong redressed by suit. *Denny* v. *Metcalf*, 28 Maine, 389.

But it may well be doubted whether it can properly be applied to this statute process for the division of property among tenants in common. This is not necessarily in any proper sense an adversary proceeding. Petitioners may join or sever, and have their shares set out to them in severalty, or to be held as between themselves in common. *Upham* v. *Bradley*, 17 Maine, 423, 427. It is often resorted to where there is no difference between the parties as to their rights in the premises, and simply as a means of procuring a judicial confirmation and record of a partition that they in fact make between themselves by the agency of commissioners upon whom they agree. Would the assent of Leonard & Hallett to this proceeding appear any more conclusively if they had joined in this petition than it now does by a default after notice served upon them ?

But, however these things may be, under the pleadings in the case before us the objection is not open.

The respondents plead sole seizin in themselves and the judgment debtor, denying the title and seizin of the petitioners and of Leonard & Hallett. The objection that they here propose to set up has nothing to do with either of those matters, but is rather one in the nature of a plea to the ability of the petitioners to prosecute, which should have been taken by plea in abatement, if at all, and cannot now be entertained. *Upham* v. *Bradley*, 17 Maine, 423, 426.

The fact that Emeline Pray has a right of dower in the whole estate is not a valid objection to the maintenance of the petition. *Ward* v. *Gardner*, 112 Mass. 42. But the respondents chiefly rely upon their denial of the petitioners' seizin and title, claiming that the judgment debtor Pray is still tenant in common with

them, notwithstanding the levies, on account of the alleged defect in the notice to him to appear and answer to the suit in which the property was attached.

If the judgment of this court in the suit of these petitioners against Pray is void for want of jurisdiction apparent upon its face, the petitioners cannot prevail, because upon their pleadings the burden is upon them to establish their title and interest in the estate, and they must prevail if at all by the strength of their own title and not by the weakness of their adversary. *Gilman* v. *Stetson*, 16 Maine, 124. *Marr* v. *Hobson*, 22 Maine, 321.

But it is equally well settled that in the case of a court of general jurisdiction, unless the want of jurisdiction appears by the record itself, the judgment is regarded as valid and binding until reversed, and not liable to be impeached when collaterally attacked ; and that for errors arising in the exercise of the jurisdiction, a stranger to the judgment can neither sustain a writ of error nor take advantage of their regularity. *Banister* v. *Higginson*, 15 Maine, 73, 78. *Granger* v. *Clark*, 22 Maine, 128, 130. *Smith* v. *Keen*, 26 Maine, 411, 423.

The judgment debtor of these petitioners, although, if he was not legally divested of his interest in the premises by their proceedings, he might under the provisions of R. S., c. 88, § 5, have been heard in this case, does not present himself to assert any interest therein. Apparently he is satisfied either that there is no error, or he is content to waive errors and allow his debt to stand paid by the levy. His former co-tenants, who assert his continuing interest and deny the validity of the judgment obtained against him by these petitioners, have little occasion to intercede in his behalf, and no right to do it, unless they can maintain that the judgment is absolutely void, and not merely that it might be reversible on error. It appears here that Pray's estate was duly attached, that the action was entered, and the court had jurisdiction under R. S., c. 81, § 12, to proceed as directed in § 19 of the same chapter ; and here the respondents claim that error crept in—that the only notice given was the publication of an order entered under the action entitled " *Samuel Blaisdell et al.* v. *John L. Motley et al.*," in which order the name of Pray does

not appear. But the record of the judgment, after reciting that at the August term, 1873, notice was ordered on the defendants by newspaper publication, runs thus: "Thence the action was continued to this term. And now at this term it is found to the satisfaction of the court that said order has been complied with;" and thereupon ensues the record of the default. With such a record before us of a finding by the court that notice was given to the defendants, we think that the judgment rendered in pursuance thereof cannot be treated as a nullity or collaterally attacked; but must be regarded as to all intents and purposes valid until reversed.

The true doctrine applicable to such a case is stated by Mr. Freeman in his useful and convenient treatise on judgments, thus: " It may happen, when that part of the record containing the evidence of service shows an insufficient service, that other parts of the record and especially the judgment disclose the fact that the matter of jurisdiction has been considered and determined by the court. The conclusion or finding upon this subject may appear by recitals stating that defendant has been cited to appear, or that he has entered his appearance, or that his default for not appearing has been duly entered. These findings are as conclu sive upon the parties in all collateral proceedings as any adjudication of the court can be. It must be presumed that they were supported by sufficient testimony not set forth in the record. Thus though the record upon a summons against A B certifies a service of such summons upon C D, and the judgment states that A B has been summoned, the record is not necessarily contradictory. The error in the service of process may have been corrected by service of the summons on the proper person. And, since the statement to this effect is made by the court, it will be conclusively presumed that it acted upon ample evidence and with due deliberation before making such statement, and the judgment will be impregnable to any collateral assault." Freeman on Judgments, § 130, p. 102. *Hahn* v. *Kelly*, 34 Cal. 391. *Callen* v. *Ellison*, 13 Ohio St. (N. S.) 446. *Galpin* v. *Page*, 1 Sawyer, 309. See also respecting defects in obtaining jurisdiction, Freeman on Judgments, § 126, pp. 98, 99. *Paine* v. *Mooreland*, 15 Ohio,

435. Drake on Attachment, §§ 437, 447, 448 ; and as to the rule prohibiting the collateral impeachment of domestic judgments of courts of general jurisdiction, *Coit* v. *Haven*, 30 Conn. 190, 199. *Cole* v. *Butler*, 43 Maine, 401. 1 Smith's Lead. Cas. 6th Am. Ed. pt. 2, p. 1022.

Nor is there any inconsistency between these doctrines and the case of *Penobscot Railroad* v. *Weeks*, 52 Maine, 456, cited by respondents. See remarks of Walton, J., in that case upon the last half of page 463.

The trouble with the judgment in the case of *Buffum* v. *Ramsdell*, 55 Maine, 252, was that no property of Locke was attached, and the foundation to acquire jurisdiction as to him by publication seems to have been wanting.

As this case is presented, the judgment in favor of the petitioners against Motley & Pray must be regarded as valid. The title of the petitioners to the share of the estate claimed by them is established.

. *Judgment for partition.*

DICKERSON and DANFORTH, JJ., concurred.

PETERS, J., added the following note, concurred in by WALTON, J.

I concur in the result in this case, seeing no injurious consequences to result from having a person represented on both sides of the case as a member of different copartnerships. Under our statutes, this is not much of a common law proceeding. But I do not think the result is maintainable merely because there was no plea in abatement. The objection, that one person cannot sue himself and another, has often been admitted and, I think, never rejected, under the general issue. See 1 Chitt. Pl. p. 47, 16 Am. Ed. and numerous cases cited in the note thereto.

APPLETON, C. J., dissenting. Alonzo J. Hallett is a member of the firm of Blaisdell & Hallett and of Leonard & Hallett. As a member of the first named firm he petitions for a partition of certain premises against himself as member of the second named firm.

All litigation presupposes opposing parties. Hence, it is well settled in equity, at common law, in admiralty, and generally in all

judicial proceedings, that one cannot be both plaintiff and defendant—cannot prosecute and defend at one and the same time and in one and the same process.

Further, Alonzo J. Hallett, by virtue of the levy made by Blaisdell & Hallett, is seized of a certain number of acres in fee. He is seized of an additional number by virtue of the levy made by Leonard & Hallett. Now the petitioners cannot have a part of the land which they own set off to them. They must ask for partition of all of which they are seized in fee. If it were otherwise, a party might ask partition of his interest, in installments. But this cannot be. I think this process cannot be maintained without amendments.