CLOUD v. THE INHABITANTS OF THE TOWN OF PIERCE CITY, *Appellant*.

1. **Municipal Corporation, Chief Officer of:** STATUTE. The chairman of the board of trustees of a town, incorporated under

| 86 | 357 |
| 32a | 166 |
| 86 | 357 |
| 35a | 225 |
| 86 | 357 |
| 100 | 321 |
| 86 | 357 |
| 102 | 463 |
| 42a | 157 |
| 86 | 357 |
| 103 | 376 |
| 105 | 360 |
| 86 | 357 |
| 54a | 262 |
| 86 | 357 |
| 123 | 277 |
| 123 | 284 |
| 125 | 584 |
| 60a | 165 |
| 86 | 357 |
| 128 | 291 |
| 86 | 357 |
| 63a | 598 |

Cloud v. Inhabitants of Pierce City.

the General Statutes of 1865, chapter 41, page 239, is the chief officer of such town.

2. ———: SERVICE OF PROCESS : JUDGMENT BY DEFAULT. In order to support a judgment by default against a corporation, it must appear of record that the person, who, the return of the officer shows, was served with process, has such a relation to the corporation that service on such person was tantamount to service on the corporation.

3. ———: ———. There are no statutory provisions in this state regulating the service of process upon cities or town, and in the absence of such provisions, the manner of service still remains as at common law, and must be upon the mayor or other chief officer.

4. Statutory Construction · GENERAL STATUTES, 1865, CHAPTER 62: Chapter sixty-two, of the General Statutes of 1865, relates only to private corporations, and has no application to municipal corporations, and section thirty-four of this chapter does not relate to mesne, but only to final process.

5. Process, Constructive Service of : NOTICE. The doctrine of constructive service of process or notice is altogether the creature of statutory enactment, and has no existence, except where expressly declared by the law-making power.

6. Judgment Without Process. Where a party has not been brought into court by service of any process, a judgment rendered against him is coram non judice and void.

7. Process, Jurisdictional Recital of in Record, Contradiction of. Although the record contains the jurisdictional recital that "defendants have been duly served with process," it is competent to overthrow such recital by showing, by other parts of the record of equal dignity and importing equal verity, that such recital is untrue. And the return of the sheriff is a part of the record itself, and may, when radically defective, be used to rebut the presumption arising from recitals of service contained in other portions of the record.

8. Jurisdiction : PROCESS : JUDGMENT. Generally, the recital of jurisdiction or of service of process contained in the judgment will be construed in connection with the whole record, and will be deemed to refer to the kind of service shown by the other parts of the record.

9. ———: ———: ———. Where judgment has been rendered against a defendant corporation upon insufficient process, and the successor of such corporation appears in court and moves, for that reason, to set aside the judgment and asks leave to plead to plaintiff's petition,

which is denied, such action does not, by relation, give jurisdiction where none existed before, nor confer on the judgment rendered a retrospective validity.

10. **Municipal Corporation** : MANDAMUS. Mandamus cannot issue against a municipal corporation until the claim on which it is based is first reduced into judgment ; and this is necessarily so, where the mandamus proceedings are wholly based on Revised Statutes, section 2415, requiring that an execution against a city, etc., be first returned unsatisfied before mandamus can issue.

*Appeal from Lawrence Circuit Court.*—HON. M. G. McGREGOR, Judge.

REVERSED.

*Henry Brumback* for appellant.

(1) The court had no jurisdiction of the person of the defendant. The summons was not served upon the chief officer, mayor, or "chairman of the board of trustees," as he was termed by chapter 41, page 240, General Statutes, 1865. "Process must be served on the mayor or other head officer." Tidd's Prac. 121 ; *McQueen v. Mfg. Co.*, 16 Johns. 6. In this case against a town there must have been an actual personal service, as laid down by Tidd, and provided by the Laws, 1875, page 105, in order to give jurisdiction of defendant. Constructive service can give jurisdiction only by virtue of express legislation and then "the essentials of the statute ought to be complied with." *Hewitt v. Weatherby*, 57 Mo. 276 ; *Stewart v. Stringer*, 41 Mo. 400 ; *Fisher v. Frederick*, 33 Mo. 612 ; *Smith's Adm'r v. Rollins*, 25 Mo. 408 ; *Schelt v. Leland*, 45 Mo. 293. To sustain default against a corporation it must appear that service of process was had upon some person occupying such relation to the corporation that they could legally serve upon such person. *Oxford Iron Company v. Spradley*, 42 Ala. 24 ; *Ins. Co. v. McCullough*, 42 Ala. 657. The court having no jurisdiction, the judgment is not merely

irregular, but is absolutely void. (2) The recital in the entry of judgment, that defendant was duly served with process, may be contradicted by other portions of the record, and the whole record may be considered together. The writ and endorsements thereon, down to the judgment itself, inclusive, is a part of the record and is open to examination. *Vandenbush v. Lane*, 4 Ran. 413; *Wainright v. Harper*, 3 Leigh, 270; *Harrison v. Hardeman*, 14 How. 338. The sheriff's return is a part of the record itself. *Rumfelt v. O'Brien*, 57 Mo. 572. The presumption in favor of the jurisdiction of superior courts necessarily ceases when the proceedings themselves negative the existence of jurisdiction. When, therefore, the record shows expressly or by necessary implication that the court has proceeded without notice to the parties, the judgment will be void, and may be disregarded as such in any collateral proceeding in which it is called in question. *McKee v. McKee*, 2 Harris, 231; *Moreau v. Killegrew*, 2 Yerger, 333; *Babbitt v. Doe*, 4 Ind. 355; *Sanford v. Sanford*, 28 Conn. 6; *Hiss v. Cole*, 3 N. J. 116; *Tunis v. Witheron*, 10 Iowa, 305; *Smith v. Rice*, 11 Mass. 507; *Eaton v. Badger*, 33 N. H. 226; *Denning v. Corwin et al.*, 11 Wendell, 648; *Schneider v. McFarland*, 2 Comstock, 450. The principle remains untouched, that whenever the want of jurisdiction "appears the judgments of any and all courts will be void." *Bloom v. Burdick*, 1 Hill, 141. (3) The appearance of defendant after judgment did not validate the judgment. *Huff v. Shepard*, 58 Mo. 246; *Smith's Adm'r v. Robbins*, 25 Mo. 408; *Lincoln v. Hilbus*, 36 Mo. 149; *Schell v. Leland*, 45 Mo. 293. Mandamus cannot issue until the claim is in judgment. *State ex rel. Rogers v. Hug*, 44 Mo. 116; *State ex rel. White v. Clay Co.*, 46 Mo. 231. (4) Even if the judgment were not void and did not need to have been first revived or sued on, still the court erred, for the reason that no alternative writ had been issued, but a

peremptory writ in the first instance. Even *State ex rel. Cassidy v. Slavens et al.*, 75 Mo. 508, which holds that a petition is not necessary, recognizes the fact that plaintiff must first call for an alternative writ. An alternative writ must first issue. Dillon on Corp., sec. 694; 6 Mo. 563; *Supervisors v. United States*, 4 Wallace, 436; *Riggs v. Johnson County*, 6 Wallace, 185; Moses on Mandamus, 209. Motion to set aside the writ is the proper practice. *People v. Everett*, 1 Caines, 8.

*N. Gibbs* for respondent.

The manner of the service of process on incorporated towns at the time service was had in this case was provided for by General Statutes, 1865, page 330, sections 23, 24, 25, 26, and service in this case was in the exact manner prescribed in said sections, and was valid. (2) But even if it should be held that the manner of service was defective, yet it would not be a total absence of service, but an attempted and irregular service of process. In case of an attempted service of process the presumption exists that the court considered and determined the question of its sufficiency or insufficiency, and its finding, though erroneous, cannot be void. Freeman on Judgments (2 Ed.) sec. 126, and cases cited. (3) In the original judgment the court found that defendant had been duly served with process and "findings of service by the court are as conclusive on the parties, in all collateral proceedings, as any adjudication of the court can be." Freeman on Judgments (2 Ed.) secs. 130, 131, and citations; *Dunham v. Wilfong*, 69 Mo. 355; *Fulkerson v. Davenport*, 70 Mo. 541; *Reed v. Whitton*, 78 Ind. 579; *McCauley v. Fulton*, 44 Cal. 355; *Quivey v. Baker*, 37 Cal. 465; *Coit v. Haven*, 30 Conn. 199; *Lessee v. Whiteman*, 2 Ohio St. 270; *Richards v. Skiff*, 8 Ohio St. 580; *Cary v. King*, 49 Iowa, 365; *Drig's Adm'r v. Abbott*, 27 Vt. 581; *Abbott v. Coburn*, 28 Vt. 663; *Crepps v. Durden et al.*, 1 Smith's Leading Cases, part 2 (6 Am. Ed.)

side page 826.    (4) On the second of March, 1880, the City of Pierce came into court by its attorney, as the successor of the town of Pierce City, made itself a party, and from that day the court's jurisdiction over defendant and of the merits of the defence must be considered as adjudicated and conclusively determined.    (5) Peremptory mandamus is the appropriate remedy to enforce the payment of a judgment against a municipal corporation, and is expressly provided for in certain cases by our statutes.  R. S. 1879, secs. 2415, 2416, 2417.   The writ of mandamus was in exact compliance with the statutes, was in proper form and properly served, and should be enforced.   *Frank v. San Francisco*, 21 Cal. 697; *Olney v. Harvey*, 50 Ill. 453;  *Coy v. Lyons City*, 17 Iowa, 1. (6) It is no defence that the warrant sued on "was issued by a fraudulent board of trustees."   "The acts of officers *de facto* are as valid and effectual, where they concern the public or the rights of third persons, as though they were officers *de jure*."    *Woodside v. Wagg*, 71 Me. 207; *Hussey v. Smith*, 99 U. S. 20; *Sheehan's Case*, 122 Mass. 445; *Commonwealth v. Hawkes*, 123 Mass. 524; *Sharp v. Thompson*, 100 Ill. 447; *State v. Bates*, 36 Vt. 396; *Snyder v. Schrau*, 59 How. Pr. (N. Y.) 404.

SHERWOOD, J.—I.   The first point for consideration is, whether in contemplation of law any valid process was had on the inhabitants of the town of Pierce City, authorizing a judgment to be rendered against that corporation on the lost warrant.    The defendant was incorporated under the provisions of the general law (General Statutes, 1865, chapter 41, page 239), and the chairman of its board of trustees was its chief officer.  *Ib.*, page 243, section 18.   The service of the summons which issued to bring the defendant before the court was had on July 8, 1875, and the return on the summons is in this form :

"Executed the within writ in the county of Law-

rence and state of Missouri, on the eighth day of July, 1875, by leaving a true copy of this writ with a certified copy of plaintiff's petition attached thereto, at the business office of defendant, in the town of Pierce City, in Lawrence county, Missouri, with Gabe C. Jones, the person having charge thereof, the said Gabe C. Jones also being clerk of the board of trustees of said town of Pierce City, and having charge of the records thereof, the president of said corporation and all other chief officers thereof, being absent and not found by me in said county.

"J. B. DAVIS,
" Sheriff Lawrence County."

At common law, process was served on a corporation through its mayor or other head officer (1 Tidd, 121), as being the "most visible part of the corporation." The judgment rendered in this case was by default. In order to support such a judgment, it must appear of record that the person who, the return of the officer shows, was served with process, has such a relation to the corporation, that service on such person was tantamount to service on the corporation. *Oxford Iron Co. v. Spradley*, 42 Ala. 24; *Talladega Ins. Co. v. McCullough*, *Ib*. 667. Nothing of this kind appears in this record, going to show the service of process valid; and clearly it possesses no validity, unless shown to be warranted by statute. Under the provisions of the statutes, process is properly served on the clerk of a county court where suit is brought against a county. R. S. 1879, sec. 3489. And this has long been the law in this state. G. S. 1865, p. 225, sec. 6; R. S. 1855, p. 503, sec. 8; *Weil v. Greene Co.*, 69 Mo. 281. But I find no similar statutory provision regulating service of process on cities or towns. Chapter 62, General Statutes, 1865, to which counsel refer, as supporting the position that the service had in the present instance is valid; is a chapter entitled

"Private Corporations," and the whole framework and structure of the chapter denote that the title chosen was not inaptly chosen. Thus section twenty-four, of chapter sixty-two, of the General Statutes of 1865, on which plaintiff relies, and upon which his return of service is based, in terms relates to "any banking or other incorporated company," and makes provision for service on the "president or other chief officer of such company," and makes further provision, that "if the corporation have no business office in the county where suit is brought," etc., that then a "summons shall be issued, directed to the sheriff of any county in this state, where the president or chief officer of such company may reside or be found, or where any office or place of business of such company may be kept, and the service thereof shall be the same as above."

Now, it seems to me, that it can but be obvious that this section was only intended to apply to incorporated companies, and that it must be held so to apply, if the terms used are to be taken in their ordinary import, and their usual and literal signification. It must be obvious, too, that this section cannot be held applicable to municipal corporations for the additional reason that whenever a municipal officer ceases to reside in the municipality of which he is the chief officer, that thereby all his municipal functions would thereupon cease, so that no service could be had upon him, but service could be had upon the chief officer of any "incorporated company," by the very terms of the section, in any county in this state where such officer may reside or be found.

Section twenty-six of the same chapter, also, bears out the same idea, for its provisions are: "Suits against corporations shall be commenced either in the county where the cause of action accrued, or in any county where such corporations shall have, or usually keep, an office, or agent, for the transaction of their usual and customary

business." For the plainest reasons, this section cannot apply to municipal corporations. Nor is the conclusion just announced at all affected or controlled by section thirty-four, of the same chapter, as follows : "Nothing contained in this chapter shall be construed to extend to any county or township, or to any public university, academy, seminary, or school, incorporated by the laws of this state." This section does not relate to mesne process, but to final process. The reason for its enactment in its present form is shown by section seventy-seven, of chapter one hundred and sixty, General Statutes, 1865, where it appears for the first time, and was in force at the time of the institution of this suit, which allows mandamus proceedings against "any incorporated town or city" in the event of an execution issued against it. And, doubtless, the object had in view by the legislature, when, in the revision of 1845, it amended section thirty-four, already quoted, as it now stands, by omitting from that section, as it stood in the statutes of 1835, the words "city, borough, town, or village, or other public municipal corporation" (Statutes, 1835, page 127, section 16), was to enable executions to issue against such corporations which, if the section had remained as originally enacted, could not have been issued. This I regard as the only reasonable construction which can be placed on the statutory provisions relied on by plaintiff's counsel.

Nor is there any difficulty, as is suggested, in the way of obtaining service on municipal corporations. The manner of service still remains as at common law ; and this, so far as I am aware, has been the method pursued in this state in obtaining service on such corporations. Viewing the matter in this light, finding no statutory provision changing the method of service in instances of this sort, it must be ruled that service of process in the case at bar should have been had on the "chairman of the board of trustees," he being the head officer of the town, and that the attempted constructive service on the clerk

of the board, since not authorized by law, was invalid, and must be for naught held and esteemed. The doctrine of constructive service of process or notice is altogether the creature of statutory enactment, and has no existence but where expressly declared by the law-making power. *Leach v. Cargill*, 60 Mo. 316.

II. It seems quite needless to say that defendant not having been brought into court by service of any process, the judgment rendered against it is *coram non judice*, for it is among the fundamentals of the law that before the rights of a party can be passed upon, he must have his day in court. As is forcibly observed by Livingstone, J. : "A sentence thus obtained, in defiance of the maxim '*audi alteram partem*,' deserves not the name of a judgment." *Hitchcock v. Aicken*, 1 Caines, 473. To hold otherwise would be equivalent to ignoring that great constitutional principle which forbids that any one be "deprived of life, liberty, or property without due process of law."

III. But it is strenuously insisted that the judgment, in any event, is not open to collateral attack for several reasons which I will presently notice. It will be assumed as a basis for the discussion of the reasons offered by plaintiff in support of the judgment recovered by him, that where the record of a court of general jurisdiction is silent, and nothing appears thereon showing lack of jurisdiction, jurisdiction, as a matter of law, will be presumed when collaterally called in question. *Huxley v. Harold*, 62 Mo. 516, and cases cited. "Nothing shall be intended to be out of the jurisdiction of a superior court, but which specially appears to be so." *Peacock v. Bell*, 1 Saund. 73. The record recites that the "defendants have been duly served with process at least fifteen days before the first day of this term." The best considered cases, and numbers of them, hold, notwithstanding such jurisdictional recital, that it is competent to overthrow and countervail it by other parts of the record of

equal dignity and importing equal verity that such recital is untrue. Wells on Jurisdiction, secs. 82, 87, and cases cited; *Harris v. Lester*, 80 Ill. 307; *Coit v. Haven*, 30 Conn. 190; Freeman on Judgments, secs. 24, 25; *Granger v. Clark*, 22 Me. 128; *Prince v. Griffin*, 16 Ia. 552; 2 Smith's Lead. Cases, 842; *Hewitt v. Weatherby*, 57 Mo. 276; *Harris v. Hardeman*, 14 How. 334, and cases cited; *Raley v. Guinn*, 76 Mo. 263. The return of the sheriff is a part of the record itself and may, where radically defective, be used to rebut the presumption arising from recitals of service contained in other portions of the record. But so far as concerns courts of general jurisdiction, and of that class I now speak, it matters not whether such recitals be made of record or not. They add nothing to the verity which attends as an inseparable incident such records. *Coit v. Haven, supra;* Freeman on Judgments, sec. 132.

IV. But it is urged that there has been a "finding of jurisdiction" in the case at bar, and, therefore, such finding is conclusive against all further inquiry touching the truth of such finding. It was shown by the circuit clerk, the custodian of the records, that there was but one summons, and but one sheriff's return thereon in this cause. Presumptions would certainly arise from this state of facts that the sheriff has served and returned all writs in the cause to him directed, and that the clerk has faithfully kept the same, and that the one exhibited on the trial, being part and parcel of the judgment roll, which, in this instance, is complete, was the only summons ever issued therein. There is a lack of harmony in the authorities respecting the force and effect of jurisdictional findings, some going so far as to hold a finding of this sort paramount to all other portions of the record, and as raising an unrebuttable presumption that the finding is absolute verity. *Hahn v. Kelly*, 34 Cal. 391; *Reily v. Lancaster*, 39 Cal. 354. In the cases just cited the findings as to service had were

couched in the general and ordinary terms courts are accustomed to use. The case of *Hahn v. Kelly, supra*, was followed in that of *Blaisdell v. Pray*, 68 Me. 269. It is difficult to see, if the doctrine announced in the cases referred to is to prevail, what possible benefit it would be to a party desiring to attack a judgment collaterally to introduce the whole record, showing thereby no service of process or one unwarranted by law, if he is to be met at the very threshold of investigation by a general recital of service, conclusive in its nature, which arrests investigation and cuts off debate. Instances, doubtless, might arise where a return of *non est* on process, or even an insufficient return thereon tantamount thereto, would be remedied by a special recital made of record that the party personally appeared, or appeared by attorney, etc. ; but, surely, anything short of this thwarts and renders of no effect the rule which takes the whole record, and upon full examination thereof, determines whether or not jurisdiction was indeed and in truth acquired.

On this point, Mr. Freeman observes : "But no presumptions in support of the judgment are to be allowed in opposition to any statement contained in the record. If an act be stated in the roll as having been done in a specified manner, no presumption arises that at some future time the act was done in a more efficient manner. If it appear that the process was served in a particular mode, no other and different service can be presumed. To indulge such a presumption would be to contradict the record, which imports absolute verity. When, therefore, the record shows that certain steps were taken to procure jurisdiction and the law does not consider those steps sufficient, the judgment will be regarded as void for want of jurisdiction over the defendant." Freeman on Judgments, sec. 125. And the learned author, after referring in a subsequent section to the cases in California, already noticed, speaks

of them as having carried "the effect of jurisdictional findings to its utmost limit, and further, perhaps, than is justified by the more recent adjudications," and then, after reiterating, in substance, the doctrine already quoted, says: "Generally the recital of jurisdiction or of service of process contained in the judgment will be construed in connection with the whole record and will be deemed to refer to the kind of service shown by the other parts of the record. * * * If an attempt at notice appears in the record the finding, if a general one, refers to and is limited by such attempted notice." *1 b.* section 130. This view of the law, as to the probative force of such general recitals, finds ample support elsewhere. *Mickel v. Hicks*, 19 Kan. 578; *Mayfield v. Bennett*, 48 Iowa, 194.

The case of *Rumfelt v. O'Brien*, 57 Mo. 569, decides nothing to the contrary of this, for there, though the recital in the judgment was that the defendant was "duly served with process," yet it is distinctly and pertinently stated, "that nothing is here to show that the several fragments exhibited in evidence constituted the whole record of the Union Bank case." The case of *Dunham v. Wilfong*, 69 Mo. 355, cited for plaintiff, follows in the wake of the previous case, but the remark made in that case as to the conclusive effect of a general jurisdictional recital was sheer *obiter*, since the officer was permitted to amend his return to the writ, thereby showing full and complete jurisdiction over the parties and obviating any necessity for discussing the effect of the recitals contained in the judgment. For the reasons aforesaid, I am persuaded that the general recitals of service of process contained in the record, now before the court, should not be allowed to show the acquisition of jurisdiction over the defendant, but should only be taken as referring to the invalid service of process shown by the judgment roll, but this, as already announced,

gave the circuit court no jurisdiction *in personam* over the defendant.

V.   And the result thus announced is not in any manner affected by reason of the fact that the City of Pierce, the successor of the defendant (R. S. 1879, sec. 4385) having organized as a city of the fourth class, appeared on the second of March, 1880, by its attorney, and moved to set aside the judgment against the defendant, as having been obtained on insufficient service, and asking leave to plead to plaintiff's petition, and asserting that it had a good and valid defence to plaintiff's cause of action, etc.   The City of Pierce, under the provisions of the statute cited, no doubt, became the successor of the defendant corporation ; but this change did not affect the suit then pending.   *Ib.*, sec. 4386.   Nor is that result affected by the denial by the court of the motion to vacate and to be permitted to plead ; nor by failure of the city to except or to appeal.   Neither the action of the city, nor of the court thereon, could, by relation, give jurisdiction over the defendant where none existed before, or confer on the judgment rendered a retrospective validity.   The only instance that I am aware of where the subsequent appearance of a party has such an effect is where a party having been served by publication and judgment rendered appears within the statutory period and files a petition for review, in which case, if he fail within the time limited him to answer or demur to the original petition, the judgment he seeks to review is made absolute.   R. S., secs. 3687, 3688.

VI.   Holding that the judgment recovered by the plaintiff is void, necessarily results in a reversal of the judgment in the mandamus proceedings ; for mandamus cannot issue against a municipal corporation until the claim, on which it is based, be first reduced into judgment.   *State v. Clay Co.*, 46 Mo. 231 ; *State v. Trustees, etc.*, 61 Mo. 155.   And this is necessarily true where, as here, the proceedings for a mandamus are wholly based

on section 2415, requiring that an execution against a city, etc., be first returned unsatisfied before mandamus can issue. *State v. Slavens*, 75 Mo. 508.

VII. This cause has come up to us in very irregular shape, being entitled as of the original action, instead of being entitled in the proper way. In so far as concerns the proceedings in mandamus, we reverse the judgment, and dismiss the writ and all its incidents. All concur.