STATE OF MISSOURI ex rel. THOMAS A. ORR, Treasurer, etc., Appellant, v. JOSEPH W. GATES, Respondent.

**Kansas City Court of Appeals, June. 26, 1905.**

**APPEALS: Record: Affidavit.** The recital of the record that an affidavit for appeal was filed on a given day and the clerk's indorsement on the affidavit of the same date must yield to the affidavit itself where the jurat shows it was sworn to at a subsequent date.

Appeal from Carroll Circuit Court.—*Hon John P. Butler*, Judge.

APPEAL DISMISSED.

*Jas. McCann* and *W. J. Allen* for appellant.

(1) The controlling record is the record entry of the trial court. The record as brought into the appellate court imparts absolute verity. Wells v. Lea, 20 Mo. App. 352. (2) And the appellate court is bound by the record. Bradley-Hubbard Mfg. Co. v. Bean, 20 Mo. App. 111. (3) In case of discrepancy between the record proper and the bill of exceptions the record controls. Jacobs v. Western F. & C. Works, 9 Mo. App. 575; Allen v. Claybrook, 58 Mo. 124. (4) The appellate court will not go behind the printed abstract into the transcript to ascertain the proceedings at the trial. Defendant can deny it only by a counter abstract. State ex rel. v. Reynolds, 82 Mo. App. 152; Berry v. Road, 168 Mo. 316.

*Nichols, Pistole & Neville* and *Jas. F. Graham* for respondent.

(1) The affidavit for appeal in this case was not filed in time. The jurat on the affidavit shows that it

was sworn to on October 13, 1904, after the court had adjourned. That being done, there is nothing before this court. Cuomo v. St. Joseph, 24 Mo. App. 567; Randolph v. Mank, 78 Mo. 468; Gill v. Scruggs, 79 Mo. 187; Smith v. Smith, 48 Mo. App. 612.

ELLISON, J.—The plaintiff brought this action to recover taxes alleged to be due the city of Carrollton. The trial was had before the court without a jury and resulted in favor of the defendant, for whom judgment was entered.

The trial was had and judgment rendered on September 24, 1904, and the record recites that on that day an affidavit for an appeal was filed and that the appeal was granted. The clerk endorsed on the back of the affidavit that it was filed on that day. But the affidavit itself shows that it was sworn to on October 13, 1904, that being after the adjournment of court. The record stating that the affidavit was filed on September 24, would ordinarily control. It would import absolute verity unless overcome by some other record of superior probative force. It is well established in this State that, though the record recites due and proper service of summons, if the writ itself with the return of the sheriff, contradicts such recital the latter will control. So in this case, though the record recites the filings of an affidavit on September 24, it must yield to the affidavit itself showing October 13 as the date. [Cloud v. Pierce City, 86 Mo. 357; Blodgett v. Schaffer, 94 Mo. 652; Adams v. Cowles, 95 Mo. 501; McClanahan v. West, 100 Mo. 309; Williams v. Monroe, 125 Mo. 547; Bell v. Brinkmann, 123 Mo. 270.]

The recital in the record as to the filing of an affidavit for an appeal on September 24, 1904, must be held to be the sort of affidavit shown by the paper itself. [Laney v. Garbee, 105 Mo. 355.]

The appeal must be dismissed. All concur.