JOHN BAKER, Plaintiff in Error, v. JOHN STONEBRAKER et al., ADM'RS OF JOHN S. STONEBRAKER, Defendants in Error.

*Judgment—Assignment.*—The statute permitting assignments of judgments to be made upon the record applies only to judgments rendered by the Courts of this State. The assignment of a judgment recovered in another State may be proven by a written instrument transferring to the plaintiff the equitable interest in the debt, and he may sue upon it in his own name.

*Judgment—Record.*—Where the record of a judgment recovered in another State shows that the defendant voluntarily entered his appearance by attorney, he will not be permitted, in a suit upon the judgment, to disprove the authority of the attorney; the record is conclusive upon him. (Warren v. Lusk, 16 Mo. 102, affirmed.)

*Error to St. Charles Circuit Court.*

*Lewis* and *Alexander*, for plaintiff in error.

I. The written assignment of the judgment by Fowler and Rogers to plaintiff was valid, and sufficient to authorize plaintiff to sue thereupon. It is not affected by the statute of this State, R. C. 1855, p. 907, § 38. That statute was first enacted Dec. 1, 1855; the assignment bears date Oct. 27, 1848. Nor is it affected by the statute of Maryland. That statute is to compel assignments of judgments in a certain class of cases; it has no reference to voluntary assignments of them in any other sort of cases. The assignability of the judgment, like that of any other chose in action, being thus left as at common law, in the shape of an equitable transfer of the right to control it, there remains no tenable objection to the sufficiency of the instrument offered in evidence with

the proof of its execution. (Laughlin v. Fairbanks, 8 Mo. 367 ; Love v. Fairchild, 13 Mo. 300, 305 ; Garland v. Harrison, 17 Mo. 282, 284 ; Ford v. Stewart, 19 Johns, 342 ; Clark v. Moss, 11 Ark. 736 ; Weir v. Pennington, 11 Ark. 745 ; Becton v. Ferguson, 22 Ala. 599.) The competency as a witness of Fowler, the assignor, to prove the assignment itself, is unquestionable. (Caldwell v. Garner, 31 Mo. 131, 136.) The assignment of the judgment being established, it was necessary under our practice for the assignee to sue thereon in his own name. (R. C. 1855, p. 1217, § 1; Walker v. Mauro, 18 Mo. 564 ; Smith v. Scheibel, 19 Mo. 140; Van Doren v. Relfe, 20 Mo. 455 ; Burson v. Blair, 12 Ind. 371, 373.)

II. The entry in the record of defendant's appearance by attorney is sufficient *prima facie* to show that the court had jurisdiction of his person. This is all that is required in the present case, since the defendant offered no proof whatever to rebut the presumption. There is some conflict among the authorities as to whether such an entry is conclusive and may not be disproved, or whether it may be met by the defendant with proof to the contrary. But all agree, that, if not disproved, it is conclusive of the court's jurisdiction over the person of the defendant. (Warren v. Lusk, 16 Mo. 102 ; Field v. Gibbs, 1 Pet. C. C. R. 155 ; Newcomb v. Brown, 17 Vt. 302, 310 ; Bennet v. Stickney, 17 Vt. 532 ; St. Albans v. Bush, 4 Vt. 58 ; Schumway v. Stillman, 6 Wend. 447 ; Edmonds v. Montgomery, 1 Clark (Iowa), 143 ; Whittaker v. Murray, 15 Ill. 293 ; Thompson v. Emmett, 15 Ill. 415 ; Bimeler v. Dawson, 5 Ill. 536 ; Welch v. Sykes, 8 Ill. 197 ; Wilcox v. Kassick, 2 Mich. 165 ; Beckley v. Newcomb, 4 Foster, 359 ; Boylan v. Whitney, 3 Ind. 140 ; Stubbs v. Leavitt, 3 Ala. 352 ; Hall v. Williams, 6 Pick. 232 ; Holmes v. Rogers, 13 Cal. 191 ; Houston v. Dunn, 13 Texas, 476.)

III. The defendant being in court by his attorney the latter had a right, as such attorney, to consent to a judgment by *nil dicit* or confession. (Denton v. Noyes, 6 Johns, 295 ; Kellogg v. Gilbert, 10 Johns, 220, 221 ; Cyphert v. McClure,

22 Penn. (10 Harris), 195 ; Henck v. Todhunter, 7 Har. & Johns., 275 ; Talbot v. McGee,⁴4 Monroe, 375, 377 ; African Church v. Carmack, 2 Md. Ch. Dec. 143 ; Lawson v. Bettison, 12 Ark. 401, 417 ; Kent v. Ricards, 3 Md. Ch. Dec. 392 ; Stewart v. Goode, 29 Ala. 476 ; Holmes v. Rogers, 13 Cal. 191.)

IV.  But independently of the special powers of the attorney, when it is found that the court had jurisdiction of the subject matter and of the person of the defendant, its judgment will be deemed regular, and cannot be questioned in a collateral proceeding.  (See authorities above cited ; Marrion v. Titsworth, 18 B. Mon. 582.)

*Krekel* and *Orrick*, for defendants in error.

As to the appearance and judgment.

I. It would appear from the transcript that a summons issued against defendant Stonebraker, which summons is returned " not served," and thereupon at the return term of the summons appeared Chew Schnebley, an attorney, as he is styled in the record, who, it seems, represented the defendant Stonebraker ; but how ? neither by entering the appearance of Stonebraker, nor by filing a plea in the case, but simply by doing nothing.  It is contended by defendants, that such an appearance did not give jurisdiction to the Maryland court over the person of defendant Stonebraker so as to authorize the court to enter up judgment.  It might be well, as there seems to have been no adjudication of the point in Missouri, except what is contained in Quarles v. Porter, 12 Mo. 83, and Barksdale v. Appleberry, 23 Mo. 389, to settle the law in reference thereto.·

As to the assignment of the judgment.

II. While at common law an equitable assignment of a judgment may exist, it is denied that under that system a suit could be had in the name of the equitable assignee. (Berry v. Convention, 7 Md. 564.)  The Maryland statutes, which seem to authorize a suit in the name of such an assignee, have given a remedy in their courts, and no extra-terri-

torial force it is apprehended will be claimed for the Maryland statute; our own statutes have defined the manner in which judgment may be assigned. The testimony of Fowler ought not to have been admitted, because, as shown in his own deposition, he performed acts prior to his assignment which would not only affect his own responsibility as assignee, but might also affect the judgment itself.

The practice act of 1855 is claimed not to affect the question.

BATES, Judge, delivered the opinion of the court.

This was a suit upon a judgment rendered by a court of record of the State of Maryland. The suit there was docketed in the name of "George McCullough, use of John Baker, use of Thomas H. Fowler and Samuel J. Rogers," and judgment given for the plaintiff. Experts in the law and practice of the courts of Maryland proved that such an entry on the docket of a use entitled *cestui que use* to the ownership and entire control of the judgment. The petition in the present case stated that said judgment had been regularly assigned to plaintiff for good and valuable considerations, and at the trial the plaintiff offered to prove a written assignment of the judgment by Fowler and Rogers to himself, which was excluded by the court; and the court declared the law to be, "that the assignment, to be valid, must appear of record in the transcript sued on."

It appeared in the transcript of the judgment in Maryland, that the writ which was issued against the defendant Stonebraker was not returned by the sheriff, "nor hath he done anything therein : nevertheless, the said defendant voluntarily appears in court here by Chew Schnebley, his attorney, and thereupon the plaintiff declares," &c. ; "and the said defendant, by his attorney aforesaid, says that he cannot deny the action aforesaid," &c., and thereupon the judgment was entered.

The defendants in this suit denied that Schnebley was the attorney of John Stonebraker or authorized to enter his ap-

pearance ; but at the trial they offered no evidence on that subject, and the court decided that the statement in the transcript that John Stonebraker appeared by attorney did not give the Maryland court jurisdiction of his person so as to render such a judgment as would authorize the court here to render a judgment thereon. Under the instructions given, the plaintiff took a non-suit, and after an effectual motion to set it aside has brought the case to this court by writ of error.

1. As to the assignment of the judgment, the Circuit Court erred in rejecting the evidence of the assignment. The present statute of Missouri in reference to the assignments of judgments refers only to judgments rendered in the courts of this State, and at any rate could have no effect upon the assignment offered in this case, because it was passed since the assignment was executed. So far as shown, the law of Maryland did not require the assignment to be of record. The plaintiff should have been permitted to prove the assignment, and the witness Fowler was competent for that purpose. When proved, it established that the plaintiff was equitable owner of the judgment, and as such could sue upon it in his own name.

2. As to the jurisdiction of the Maryland court of the person of John Stonebraker, the question is settled beyond doubt by the well considered case of Warren & Dalton v. Lusk, 16 Mo. 102. Not only did the appearance of the defendant by attorney give the court jurisdiction of the person of the defendant, but the defendant will not be permitted in a suit upon a judgment to disprove the authority of the attorney ; the record is conclusive upon him.

Judgment reversed, non-suit set aside, and cause remanded. Judges Bay and Dryden concur.