Howard v. Thornton.

W. B. HOWARD, Plaintiff in Error, *v.* B. H. THORNTON, Defendant in Error.

| 50 | 291 |
| 103 | 660 |
| 50 | 291 |
| 123 | 277 |
| 50 | 291 |
| 171 | 1434 |

1. *Judgment — Jurisdiction must be shown from the whole record.* — If the whole record of a cause taken together does not show that the court had jurisdiction over the defendant, then the judgment would be a nullity. But a court has no right to draw this conclusion from the entry of the judgment.
2. *Trustee — Powers, delegation of.* — A trustee or mortgagee cannot act through an agent in the sale of the trust property, unless the deed expressly authorizes him to delegate his powers.
3. *Mortgage — Outstanding title.* — A mortgage constitutes a good outstanding title.

### Error to Bates Circuit Court.

*A. Comingo*, for plaintiff in error.

*F. P. Wright*, for defendant in error.

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment. The parties both claimed under one J. T. Thornton as the common source of title. The plaintiff stood upon a sheriff's deed. The defendant set up a subsequent deed to himself from J. T. Thornton and wife, and also set up a previous mortgage with power of sale in the mortgagees, who had made the sale under the mortgage by and through an attorney in fact appointed for that purpose. The case was submitted to the court for trial, and a verdict and judgment were rendered in favor of the defendant.

The sheriff's deed was conceded to be good upon its face. But the defendant alleged that the judgment upon which the execution was issued was a nullity because the court had no jurisdiction over the defendant in the alleged judgment; and to prove this, the simple entry of the judgment was introduced as evidence, without producing any other part of the record. The entry of the judgment showed that the defendant was called and came not, and that the court proceeded to render up a final judgment. Upon this evidence the court declared the law to be that the judgment was void, and that the sheriff's deed conveyed no title.

1. It is a well-settled principle that a judgment rendered without notice or the appearance of the party is absolutely void. But

when a judgment is attacked for want of notice, how can the court determine by the mere inspection of the entry whether the defendant had been served with a summons? If, in point of fact, the defendant was actually served with a summons, the court had jurisdiction over his person and could proceed to render a personal judgment against him. The recitals in the sheriff's deed were *prima facie* evidence of a valid judgment, and this could not be overthrown without producing the whole record or a transcript of it, or, in case any part of it was lost, by parol evidence of the lost parts. Simple extracts from the record are not admissible for this purpose. (Philipson v. Bates, 2 Mo. 95; Peake's Ev. 30–43; Ravenscroft v. Giboney, 2 Mo. 1.). If the whole record taken together does not show that the court had jurisdiction over the defendant, then the judgment would be a nullity. But the court had no right to draw this conclusion from the entry of the judgment alone.

2. A trustee in a deed of trust, or a mortgagee in a mortgage with power of sale, cannot act through an agent in the sale of the property. His own powers are delegated and are a personal trust, and unless the deed authorizes him to delegate his powers, he can not act through an agent. This was expressly decided by this court in the case of Graham v. King, *ante*, p. 22. But a mortgage after forfeiture constitutes a good outstanding title. But from the record before us, this mortgage does not cover all the lands in the sheriff's deed.

For the error in excluding the sheriff's deed under the state of facts before the court, its judgment must be reversed and the cause remanded. The other judges concur.