----o----

COLUMBUS C. RUMFELT, Plaintiff in Error, *vs.* LAWRENCE O'BRIEN, Defendant in Error.

1. *Ejectment—Sheriff's Deed—Land and land titles.*—In ejectment the defendant's introduction of a sheriff's deed of the plaintiff's title, is an admission that the plaintiff owned the property at the date of the execution sale.

2. *Judgment—Recitals in—Evidence—Notice.*—A recital in a judgment that the defendant has been " duly served with process," is conclusive against him on the question of notice. The judgment cannot be impeached by the introduction of other parts of the record which fail to show when or how the process was served.

*Error to Scott Circuit Court.*

*Lewis Brown and S. M. Green,* for Plaintiff in Error :
cited, M'Clay vs. Freeman, 48 Mo., 234 ; Howard vs. Thorn-
ton, 50 Mo., 291 ; Lenox vs. Clark, 52 Mo., 117 ; Fithian vs.
Monks, 43 Mo., 502 ; Durosett vs. Hale, 38 Mo., 346 ; Jan-
ney vs. Spedden, *Id.,* 395 ; Harris vs. Grodner, 42 *Id.,* 159.

*Louis Houck,* for Defendant in Error.

I. The judgment cannot be collaterally assailed. (Freeman
vs. Thompson, 53 Mo., 190.)

II. A judgment and its recitals must be treated as correct
until reversed. (Bernecker vs. Miller, 44 Mo., 102.)

III. The record of a judgment in partition which recites
that all the parties named had been duly notified of the suit,
is conclusive. (Latrielle vs. Dorleque, 35 Mo., 233.)

And where the record shows a finding of the court, the
fact cannot be collaterally attacked. (Kane vs. McCown,
55 Mo., 20 ; Cooper vs. Reynolds, 10 Wall., 321 ; Freeman
Judg., § 130, *et seq.*)

IV. The purchaser at sheriff's sale looks to the judgment,
levy and sheriff's deed. All other questions are between the
parties to the judgment and the sheriff. (Lenox vs. Clark, 52
Mo., 115.)

LEWIS, Judge, delivered the opinion of the court.

Petition in ejectment was filed August 14, 1872, for a lot
in the town of Benton. The answer was a general denial in
the usual form.

Trial was had before the court sitting as a jury. The plain-
tiff introduced a deed of the premises to himself and John A.
Hinton, from James Parrott and wife, dated July 2, 1860,
and proved the grantee's possession in 1861. For the pur-
pose, it is presumed, of fixing in advance the character of de-
fendant's claim, he introduced detached parts of the record
of a suit instituted August 10th, 1863, in the Scott Circuit
Court, in which the Union Bank of Missouri was plaintiff

and Hinton and Rumfelt, with others, were defendants. These included, in the following order, the judgment, petition, summons and return, several orders of publication with their proofs, and copies of the bill of exchange and protest upon which the suit was founded. Here the plaintiff rested, having exhibited nothing, so far as can be discovered, to connect the defendant's possession with these proceedings. The defendant then introduced a sheriff's deed to William C. Hayden, under the Union Bank judgment, conveying the lot in controversy as the property of Hinton and Rumfelt, and bearing date April 12, 1867. It was admitted that defendant claimed title and possession by conveyance from the sheriff's grantee. The court's finding and judgment were for the defendant.

Whatever doubts might have arisen at the close of the plaintiff's testimony as to the sufficiency of his *prima facie* case, the defendant furnished a solution of them in his introduction of the sheriff's deed. He thus admitted that the plaintiff had the title of the property at the date of the execution sale. (Brown vs. Brown, 45 Mo., 412.) From that moment the controversy was to be determined by the competency of the sheriff's deed to divest the plaintiff's title.

The plaintiff insists that the judgment under which the sheriff sold was void as to Rumfelt, for want of notice. The return on the summons introduced by plaintiff exhibited personal service on the defendants, Hinton and Levi S. Green, adding, "the other said defendants not found in my county." The petition stated that Rumfelt and two other defendants, Allen and Parrott, were non-residents, and this was sworn to by plaintiff's attorney. Orders of publication, each of which is claimed to have been tainted with irregularity, were made and the publications proved against these three. The judgment rendered April 8th, 1865, recited as follows: "The plaintiff, by her attorney, comes and dismisses this suit as to defendant, Thomas J. Allen, and the court being satisfied that the order of publication made at the last term of this court, notifying defendant, James Parrott, of the pendency of

this suit, has been made agreeably to law, and the other defendants being *duly served with process* and having been solemnly called, etc."

We do not perceive how it can be said, consistently with the great array of authorities bearing upon this subject, that the judgment was void as to Rumfelt. It will be observed that nothing is here to show that the several fragments exhibited in evidence constituted the whole record of the Union Bank case. For aught that appears, there may have been one or a dozen alias writs or counterparts sent to other counties, and by their means service obtained upon Rumfelt. The judgment solemnly declares that he was " duly served with process," and this record imports absolute verity. It is contradicted by nothing in the orders of publication or in the return upon the writ introduced, for these are simply silent on the subject, when we consider how many other methods there were for accomplishing the fact stated. It will be time enough to assume that the judgment is negatively falsified by the rest of the record, when it shall be made to appear that the entire record is before us.

In Freeman vs. Thompson, (53 Mo., 183) this subject is so exhaustively discussed, that no additional light can be thrown upon it here. In Baker vs. Stonebraker, (34 Mo., 172) and in Warren vs. Lusk, (16 *Id.*, 102) it was decided by this court that a recital in a judgment that the defendant appeared by attorney, was conclusive, and the defendant could not, in a collateral proceeding, deny the fact of authority given by him to the attorney. If a record implication of the relation existing between the defendant and an attorney be thus unimpeachable, how much more so should be the declaration of a service performed by the court's ministerial officer, direct information whereof is provided for in the sheriff's return— a part of the record itself.

In the giving and refusing of instructions, and in the determination of the cause, the court below was governed by the principles here recognized. Its judgment is affirmed with the concurrence of the other judges.