Adams v. Cowles.

ADAMS, *Appellant*, v. COWLES.

1. **Civil Practice**: NOTICE BY PUBLICATION. A suit to set aside a deed, as being in fraud of creditors, is one for the establishment of a right to real property within the meaning of the statute ( R. S., sec. 3494 ) authorizing, in such case, service of notice by publication on non-resident defendants.

2. ———— : ————. The statutory requirement that the notice shall state " briefly the object and general nature of the petition " is met in such suit by a description of the land and a statement that the object of the suit is to obtain a decree of title to it.

3. **Circuit Court**: JURISDICTION. , The circuit court is one of general jurisdiction proceeding according to the course of the common law, and nothing shall be intended to be out of its jurisdiction except it specially appear to be so.

4. ———— : ————. The question of jurisdiction is one which must be tried by the whole record, and when it appears from the latter that the court had no jurisdiction, either over the person or subject-matter, the judgment is void and will be so treated in a collateral proceeding.

5. **Notice by Publication**: JUDGMENT RECITAL. The judgment recital that the defendant was duly notified by publication must yield to the notice itself if contradicted by the latter.

6. ———— : ———— : PRESUMPTION. Where the order of publication recites that the action was " commenced by petition and affidavit," and there is nothing on the record specifically contradicting the recital of due service made in the decree, the failure to find an affidavit among the files will not overthrow the decree in the absence of extrinsic evidence sufficient to overcome the presumption that the court had acquired jurisdiction over the defendant.

7. **Presumption.** Where an official act is shown to have been done in a manner substantially regular, formal requisites for the validity of the act are presumed.

*Appeal from Bates Circuit Court.*—HON. JAMES B. GANTT, Judge.

REVERSED AND REMANDED.

*Adams* & *Bowles* for appellant.

(1) The circuit court of Bates county is a court of general jurisdiction, and its decree cannot be attacked collaterally by a stranger under any circumstances. The decree recited and found its jurisdiction over the parties to it and of the subject-matter of the action, and such finding is conclusive in this case. *Dunham v. Wilfong*, 69 Mo. 355 ; *Kane v. McCown*, 55 Mo. 200, 201 ; *Hardin v. McCanse*, 53 Mo. 255 ; *Tutt v. Boyer*, 51 Mo. 425 ; *Johnson v. Beazley*, 65 Mo. 262, 265 ; *Brown v. Ins. Co.*, 86 Mo. 51 ; *State ex rel. v. Donegan*, 83 Mo. 374 ; *Yates v. Johnson*, 87. Mo. 213 ; *Exendine v. Morris*, 76 Mo. 416 ; *State v. Evans*, 83 Mo. 319, and cas. cit.; *Crews v. Mooney*, 74 Mo. 26 ; *Wellshear v. Kelly*, 69 Mo. 343 ; *Brawley v. Ranney*, 67 Mo. 280 ; *Johnson v. Gage*, 57 Mo. 160 ; *Sloan v. Mitchell*, 84 Mo. 546 ; *Brown v. Walker*, 85 Mo. 262 ; *Yeoman v. Younger*, 83 Mo. 428 ; *Spaulding v. Baldwin*, 31 Ind. 376 ; *Evans v. Ashby*, 22 Ind. 15 ; *Hahn v. Kelly*, 34 Cal. 391 ; *Prince v. Griffin*, 16 Iowa, 552. (2) The court erred in admitting, against the objections of the appellant, what was assumed to be the original writ of summons, petition, order of publication, and proof of publication in the case of Dwight Ferris *v.* William C. Glenn and William A. Glenn. The court, by its decree, having found " that the said defendants had been duly notified of the commencement of this action and of the general nature and object of the same," that fact was like any other fact found by the court, and such papers were incompetent to establish any different fact. *Kane v. McCown*, 55 Mo. 180 ; *Dunham v. Wilfong*, 69 Mo. 355 ; *Crow v. Meyersieck*, 88 Mo. 411 ; *Robertson v. Winchester*, 85 Tenn. 183 ; *Stanly v. Crippin*, 1 Head [Tenn.] 115, 116 ; *Mitchell v. McKinny*, 6 Heisk. [Tenn.] 83 ; *Allen v. Gilliland*, 6 B. J. Lea, 532, 533 ; *Claybrook v. Wade*, 7 Cold. [Tenn.] 556, 557.

*A. Comingo* for respondent.

(1) Jurisdiction consists of the right, as well as the power, to hear and determine a cause. These are conditions and requirements precedent and indispensable to the rightful exercise of the power. It can only be brought into exercise by a substantial compliance with the precedent conditions, or by the appearance of the parties without such compliance. *Sheldon v. Newton,* 3 Ohio St. 494 ; *Grignon's Lessee v. Astor,* 2 How. [U. S.] 319, 338 ; *United States v. Arridondo,* 6 Peters, 691, 709 ; *Penoyer v. Neff,* 95 U. S. 714–27 ; *Gray v. Bowles,* 74 Mo. 419–23. (2) In the case of Ferris *v.* Glenn, the circuit court of Bates county did not acquire, and it could not, by an order of publication, obtain jurisdiction over the defendants for the purposes of that action. It was not an action for the recovery of the land, nor "to enforce a right, claim, or demand to or against it." It was a personal action for relief against an alleged fraud. General Statutes, 1865, section 13, and Revised Statutes, 1879, section 3493, authorize service by publication of notice in actions brought to enforce rights, claims, or demands to or against land, but not for the purpose set out in the Ferris petition. (3) Even if it be held that the subject-matter of the action in Ferris *v.* Glenn was one over which the circuit court of Bates county might acquire jurisdiction of the defendants by constructive service (publication of notice), the court failed to acquire jurisdiction : (*a*) Because the order of publication was not authorized by an averment in the petition, nor by an affidavit filed in the cause showing that the defendants were non-residents of this state ; and (*b*) for the reason that the order of publication fails to state the object and general nature of the petition. In order to acquire jurisdiction by constructive service, a strict compliance with the statutory requirements is indispensable. If

any of the material requirements or directions of the statute have been disregarded or omitted, the court acquires no jurisdiction by such service, and a judgment rendered thereon is void. Had it been alleged in the petition or stated in an affidavit filed therewith, that the defendants were non-residents, the order of publication would still have been fatally defective, in that it simply states that the object and general nature of the suit was "to obtain a decree of title," etc. *Michael v. Hicks,* 19 Kan. 578 ; *Bradley v. Jameson,* 46 Iowa, 68 ; *Mayfield v. Bennett,* 48 Iowa, 194 ; *Galpin v. Page,* 18 Wall. 351, 369 ; *Bobb v. Woodward,* 42 Mo. 483-9 ; *Drake v. Hale,* 38 Mo. 346-8 ; *Cloud v. Inhabitants,* 86 Mo. 366, and citations ; *Schell v. Leland,* 45 Mo. 293. (4) Although a judgment or decree may be regular on its face, and may recite the existence of all the jurisdictional facts, yet if from an examination of the record it appears that such recitals, or any of them, are untrue, such judgment will be void. The whole record may be brought before the court in every case to test the validity of the judgment. *Cloud v. Inhabitants,* 86 Mo. 366-9, and citations ; *Gilkeson v. Knight,* 71 Mo. 403-6 ; *Brown v. Woody,* 64 Mo. 547-50 ; *Bobb v. Woodward,* 42 Mo. 482-9 ; *Howard v. Thornton,* 50 Mo. 291 ; *Thompson v. Whitman,* 18 Wall. 457-68 ; *Ferguson v. Crawford,* 70 N. Y. 253 ; *Brady v. Jamison,* 46 Iowa, 68 ; *Manly v. Headly,* 10 Kan. 88, 93 ; *Morrey v. Morrey,* 27 Minn. 265.

BLACK, J.—This was an action of ejectment for the undivided one-half of three hundred and twenty acres of land in Bates county. Both parties claim title through William A. Glenn, who conveyed the land to William C. Glenn in June, 1869, and he conveyed to Hartwell in 1881, from whom defendant claims by sundry deeds. Judgments were recovered against William A. Glenn in August, 1869, under which the property was

sold to Dwight Ferris. The deeds from the sheriff to him are dated March 10 and 11, 1870. Ferris conveyed to Dunstan Adams in 1875, and Dunstan Adams conveyed to plaintiff. Before Ferris conveyed to Adams, he procured a decree in a suit against William A. and William C. Glenn, setting aside the deed from William A. to William C. Glenn on the ground that it was made to hinder, delay, and defraud the creditors of William A. Glenn. The validity of that decree is the only real controversy in this case. The defendant claims that the decree is a nullity for want of jurisdiction over the defendants, and so the trial court held.

The petition in the case of Ferris v. Glenn and Glenn was filed in the circuit court of Bates county on the twelfth of October, 1870. A summons was issued for the defendants at the same time, but there is no return on it whatever. At the same time the clerk made an order of publication, the material portions of which are as follows: "Now, at this day comes Dwight Ferris, plaintiff in the above-entitled cause, before the undersigned clerk of the circuit court of Bates county, in vacation, and files his petition, stating among other things that the above-named defendants, William A. Glenn and William C. Glenn, are non-residents of the state of Missouri. It is, therefore, ordered by the clerk aforesaid in vacation, that publication be made, notifying them that an action has been commenced against them by petition and affidavit in the circuit court of Bates county, and state of Missouri, the object and general nature of which is to obtain a decree of title to the following described real estate, to-wit." The property is then described and defendants are notified to appear at the March term, 1871. At that term the plaintiff made proof of publication; and at the September term, 1871, the plaintiff took a decree by default. The record in that case was put in evidence in this one, but no

affidavit of non-residence of the defendants appears among the files.

1. The statute (R. S., sec., 3494) allows the service of notice by publication "in all actions, at law or in equity, which have for their immediate object the enforcement or establishment of any lawful right, etc., to or against real estate." If the deed to William C. Glenn was fraudulent, then it was void as to Ferris, and that fact could be shown in ejectment. But Ferris had the further right to have the fraudulent deed cancelled and in effect erased from the public records, and to do this whilst the evidence was at hand. The relief asked is the establishment of a right to real property, and comes within the statute allowing the service of notice by publication.

2. Nor is the notice published bad for a failure to state "briefly the object and general nature of the petition." These are the words of the statute, which requires the land to be described only in partition suits. Here the land is described, and the defendants are notified that the object of the suit is to obtain a decree of title to it. Accurately speaking the relief asked was the removal of a cloud from the plaintiff's title; but the notice given would be quite as well understood as if it had named the relief with more accuracy. The statute does not contemplate that the notice shall detail the facts as they are stated in the petition. Since the notice describes the land and states the object of the suit, it is sufficient, and especially so, when attacked collaterally.

3. The contention that the decree is void, for want of an affidavit, or statement in the petition, that the defendants were non-residents, presents a different question. The statute provides that if the plaintiff, or other person for him, shall allege in his petition, or file an affidavit, stating that part or all of the defendants are non-residents of the state, the court, or clerk in vacation, shall make an order of publication. The circuit

court is a court of general jurisdiction, a court which proceeds according to the course of the common law, and being such, the rule obtains in respect of the proceeding therein, that nothing shall be intended to be out of its jurisdiction, but that which specially appears to be so. The general rule also prevails in this state that the question of jurisdiction must be tried by the whole record. When it appears from the whole record that the court had no jurisdiction, either over the person or subject-matter, the judgment is void, and will be so treated in a collateral proceeding. *Brown v. Woody*, 64 Mo. 548; *Howard v. Thornton*, 50 Mo. 292. In this case the decree recites that the defendants had been duly notified by publication; and this recital is relied upon by this plaintiff as showing conclusively that an affidavit of non-residence was filed. This recital and the proof made at the previous term is conclusive that the order of publication was duly published in the designated newspaper; but if we are to look to the whole record, then it is not conclusive that the order actually made was good and sufficient, nor that an affidavit for publication was filed. As said in the recent case of *Milner v. Shipley*, 94 Mo. 106, if there is any conflict between the recitals in the judgment, as to the terms of the order, and the order itself, the latter must control, for a recital of the order must yield to the order itself. So in the case of *Cloud v. Inhabitants*, 86 Mo. 357, there was a recital that defendant had been duly served with process, but when the service was produced, it proved to be worthless, and we held the judgment to be void, a nullity. The same principle is clearly stated in *Crow v. Meyersieck*, 88 Mo. 415, cited by plaintiff in this case. It is there in substance said that the notice was a part of the record, that it showed the infirmity on its face, and, when offered in evidence, contradicted the general recital of "due notice", and thus a want of notice appeared from the whole record.

The order of publication in this case is good on its face ; and the question is, whether the record shows the want of an affidavit. The order of publication states that plaintiff "files his petition, stating among other things" that defendants are non-residents. This taken by itself gives some support to the theory that the order was made, not on an affidavit, but on the petition, and there is no allegation of non-residence in the petition. But another portion of the same order says the defendants are notified "that an action has been commenced by petition and affidavit." Taking the order as a whole, it leaves the inference that an affidavit had been filed. It certainly does not show that the order was made by the clerk without an affidavit, but leads to the contrary conclusion. There is nothing on the face of the record produced, which specifically contradicts the general recital of due service, within the principle of the cases before cited.

The remaining question is, whether the failure to find an affidavit among the papers will overthrow the decree with its general recital of service by publication. The additional parol evidence is as follows :     Mr. Jenkins testified that he had been clerk of the court since January, 1879 ; that the papers produced were on file during his term of office ; that, to the best of his belief, there were not any other papers filed in said cause ; that the papers produced were found in an envelope among the files of his office.     Mr. Brugler testified that he made an examination of the papers in the case in 1880 ; that he found them in their proper place in the clerk's office ; that the papers produced were the only ones he found.     The plaintiff says that after he learned that Brugler ( the witness ) and Hartman claimed title to the land, he made inquiry for the papers ; that the deputy clerk made search and could not find them ; that he first saw them at the term of the court at which this cause was tried ; that he then got them from Mr. Brugler.

Mr. Freeman, speaking of the presumption in favor of the judgments of courts, which have jurisdiction over the subject-matter, proceeds to say in respect of the jurisdiction over the person against whom the judgment is obtained: "Hence, though the existence of any jurisdictional fact may not be affirmed upon the record, it will be presumed, upon a collateral attack, that the court, if of general jurisdiction, has acted correctly, and with due authority, and its judgments will be as valid as though every fact necessary to jurisdiction affirmatively appeared. The decisions to this effect are very numerous. If a statute required a certain affidavit to be filed prior to the rendition of judgment, it will be presumed, in the absence of any statement or showing upon the subject, that such affidavit was filed." Freeman on Judg., sec. 124. It is true that in *Howard v. Thornton*, 50 Mo. 291, it was said that, "if the whole record taken together does not show that the court had jurisdiction over the defendant, then the judgment would be a nullity;" but the real question in that case was whether a judgment could be impeached without producing the whole record. This doctrine, as it is stated in Freeman on Judgments, is approved in *Huxley v. Harrold*, 62 Mo. 516, and is assumed as a correct exposition of the law in the entire discussion in the case of *Cloud v. Inhabitants*, *supra*. Where an official act is shown to have been done in a manner substantially regular, formal requisites for the validity of the act are constantly presumed. *Hammond v. Gordon*, 93 Mo. 223.

There is nothing in this case to overcome the presumption that the court had jurisdiction over the defendants in the equity suit. The parol evidence, as to what papers were on file, does not reach a period of about ten years, beginning with the time when the suit was commenced. During that ten years plaintiff and his grantor paid all the taxes on the land, and paid

delinquent taxes existing prior to 1870. The land was in the actual possession of the plaintiff's tenant in 1877. The deed from William C. Glenn, who was the father of William A. Glenn, was not made until about ten years after the date of the decree, in 1881. This long acquiescence in the decree is wholly unexplained. Judgments of courts of general jurisdiction ought not to be overthrown and declared void in collateral proceedings on such a state of facts as exists in this case.

The judgment is, therefore, reversed and the cause remanded. All concur.