EDGAR F. ATWOOD, Respondent, v. MARY A. ATWOOD, Appellant.

**Kansas City Court of Appeals, December 4, 1893.**

1. **Trial Practice:** ORDER OF PUBLICATION: AFFIDAVIT: PRESUMPTION. When a court of general jurisdiction has jurisdiction over the subject-matter, it will be presumed that in acquiring jurisdiction over the person it has acted correctly; and an order of publication reciting that "it appearing to the satisfaction of the clerk that defendant was a nonresident," a sufficient affidavit will be presumed.

2. **Record:** CONTRADICTION OF: PAROL EVIDENCE. Though the recital of a thing or matter of fact in a record, order or judgment will not control in the face of the thing itself, which being produced shows the contrary, yet in the absence of such production, the record cannot be contradicted by a witness' memory of the contents of the absent paper.

*Appeal from the Buchanan District Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

*Vories & Vories* for appellant.

(1) It is necessary that order of publication should state grounds upon which it is based. Wade on Notice [2 Ed.], sec, 1055; Patteson's Missouri Form Book, sec. 182.. (2) In all cases where constructive service is had in lieu of that which is personal, there must be a strict compliance with statutory provisions and conditions. *Schell v. Leland*, 45 Mo. 292; *Palmer v. McMaster*, 33 Pac. Rep. 132; Brown on Jurisdictions, sec. 51; *Charles v. Morrow*, 99 Mo. 638, and cases cited; *Galpin v. Page*, 18 Wall. 350. *Settlemeir v. Sullivan*, 97 U. S. 449. (3) The recitals in order of publication, "It appearing to the satisfaction of the

clerk the defendant is a nonresident, etc.," raises the presumption that legal evidence of nonresidency was produced; but when the entire record proves to the contrary, the presumption is overcome and the proceeding void. *Manning v. Heady*, 64 Wis. 634; *Neuman v. Cincinnati*, 18 Ohio, 331. (4) It will hardly be claimed that either petition or affidavit stated facts sufficient to obtain order of publication on grounds of nonresidence, and this being so, there being nothing to sustain order, decree is void. *Higgins v. Beckwith*, 102 Mo. 462. (5) As the recital of personal service in judgment or decree may be overthrown, and is controlled by the return of service made by sheriff, so the recital in decree of publication is controlled by order of publication itself, and the recital in order of publication is conclusive as to grounds of publication, as much so as recitals of personal service by sheriff. *Cloud v. Inhabitants*, 86 Mo. 357; *Adams v. Cowles*, 95 Mo. 501. As to return by sheriff: *Heath v. Railroad*, 83 Mo. 617; *Decker v. Armstrong*, 87 Mo. 316. Affidavit must conform to and support order of publication. *Palmer v. McMaster*, 33 Pac. Rep. 132; Brown on Jurisdiction of Courts, sec. 51 and others.

*Sherwood & Allen* for respondent.

(1) The first assignment of error cannot be sustained. If witness Martin's evidence was competent, of course no complaint can be made. If witness Martin's evidence was incompetent, still the court, sitting as a court of equity, did not err in not excluding it. *Davis v. Kline*, 96 Mo. 401; *Bush v. Arnold*, 50 Mo. App. 8. (2) If not concluded by decree and statutes, if the decree is impeached, it must be impeached by the record. Evidence *dehors* the record will not do in a divorce judgment in this state, on a

motion to vacate. *Childs v. Childs*, 11 Mo. App. 398. Silence in the record, with respect to this affidavit, does not impeach the decree, even if not a divorce judgment. *St. Louis v. Lanigan*, 97 Mo. 179, cited and approved in case of *Leonard v. Sparks*, 22 S. W. Rep. (Mo.) 902. *Gates v. Tusten*, 89 Mo. 18; *Peacock v. Bell*, 1 Saunders, 74; *Foot v. Stevens*, 17 Wend. 486; *Cloud v. Pierce City*, 86 Mo. 367; *Smith v. Smith*, 48 Mo. App. 612. Oral testimony will not do to impeach a decree of divorce. *Childs v. Childs, supra; Bascom v. Bascom*, 7 Ohio Rep. part 2, 126. The modern rule is one of more confidence in the trial court. *Leonard v. Sparks*, 22 S. W. Rep. (Mo.) 899; *State v. Dugan*, 110 Mo. 138; 2 Bishop on Marriage, Divorce and Separation, sec. 589; *St. Louis v. Lanigan, supra; Gates v. Tusten, supra.* (3) The testimony of witness S. M. Carson clerk, fails to prove or disprove anything, even if competent evidence in this case. The evidence must be clear and conclusive. 2 Bishop on Marriage, Divorce and Separation, sec. 1561.

ELLISON, J.—Defendant filed a motion to set aside and vacate a decree of divorce rendered in plaintiff's favor against her. The motion was heard by the court and overruled. Defendant appeals.

It appears that the divorce was granted near two years prior to filing this motion, and that in the meantime plaintiff had again married. It further appeared that defendant knew nothing of the divorce proceedings until shortly before filing her motion.

The judgment of divorce was founded upon a good and sufficient petition. The service was by order of publication. The petition itself was silent as to the defendant being a nonresident, or being beyond the reach of ordinary process. An order of publication was made by the clerk of the circuit court for Buchanan

county in vacation. The order as entered by the clerk stated that: "It appearing to the satisfaction of the clerk of this court that said defendant, Mary A. Atwood, is a nonresident of the state of Missouri, and does not reside therein, it is ordered that said nonresident defendant be notified by publication, as required by law, that said plaintiff has commenced his suit," etc. A proof of publication, in accordance with the order, was shown to be with the record files. The decree itself was silent as to such proof. No affidavit for order of publication was found upon the record books or among the papers in the cause. The clerk stated in testimony that the petition and order of publication he believed to be the only papers filed in the cause, though there might have been an affidavit filed and afterwards lost; that he had no personal recollection of the matter, and only testified from the records produced, and his custom and manner of performing his duties as clerk. The attorney who acted for plaintiff in obtaining his divorce was introduced as a witness, and testified that he wrote, and saw plaintiff swear to, an affidavit for order of publication before the clerk; that the affidavit stated, in substance, as ground for the order, that the defendant "had concealed herself from his knowledge in such a way that it would be impossible to get legal process upon her."

The point of attack on the decree is, that there was no affidavit authorizing the order of publication we have recited above, and that, therefore, the court rendering the decree was without jurisdiction of defendant.

The fact that no affidavit was found upon the record, or among the papers, is not conclusive, by any means, in an attack upon a judgment depending upon such affidavit for its validity, that none had ever been filed. When a court of general jurisdiction has jurisdiction over the subject matter, it will be presumed

that in the matter of acquiring jurisdiction over the person, it has acted correctly. As, "if a statute require a certain affidavit to be filed prior to the rendition of judgment, it will be presumed, in the absence of any statement or showing upon the subject, that such affidavit was filed." Freeman on Judgments, sec. 124. This was quoted, with approval, by BLACK, J., in *Adams v. Cowles*, 95 Mo. 501, a case where no affidavit for an order of publication was shown by the record. In this case the order of publication leaves the inference that an affidavit was filed; it recites that, "it appearing to the satisfaction of the clerk of this court, that defendant was a nonresident of the state of Missouri." Besides, "when an official act is shown to have been done in a manner substantially regular, formal requisites for the validity of the act are constantly presumed." *Adams v. Cowles, supra.* The foregoing would dispose of defendant's case as made out by her.

But it may be claimed that an affidavit was shown to have been made, and that it was insufficient to support the order, in that it alleged concealment so as to prevent the service of process, whereas the order recites nonresidence. It is true that it may be affirmed as a proposition that the recital of a thing or matter of fact in a record, order or judgment, will not control in the face of the thing itself, which, being produced, shows the contrary. But in this case the affidavit itself was not produced. Only the testimony of a witness as to what he could recollect of the affidavit. This the court held, in determining the fact, to be insufficient, and we see no ground for interfering with that conclusion. Some points are made as to the court's action in admitting testimony, but to which no exception was saved.

We are of the opinion that the trial court made a proper disposition of the motion, and we will affirm the judgment. All concur.