BELL v. BRINKMANN, *Appellant*.

In Banc, June 18, 1894.

1. **Partition**: JURISDICTION OF PARTIES: RECITAL IN DECREE. Where it appears from a record in a partition proceeding that no effort was made to acquire jurisdiction of one of the defendants by summons, as his residence was unknown, and that an attempt to do so by publication had failed, a recital in the judgment that "now on this day come the said parties by their attorneys," is no evidence of the appearance of such defendant in the proceeding. (BARCLAY, GANTT and MACFARLANE, JJ., *dissenting*.)

2. ———: ———: ———. The appearance recited in the partition judgment should be limited to such of the persons named in the title of the cause as were actually made parties in the manner provided by law, and should not be extended to one who was merely named as a party but whom the record, as a whole, shows was not in fact a party.

*Appeal from Franklin Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*J. C. Kiskaddon* for appellant.

(1) The partition deed *prima facie* conveyed the title to the property therein described; therefore the court erred in excluding it when first offered by defendant, and in compelling the defendant in the first instance to produce the record on which it was based. R. S. 1889, secs. 4954, 7166, 7169; *Howard v. Thornton*, 50 Mo. 291. (2) The recitals of the appearance of Frank and Marion Bell by attorney, in the decree of partition and order approving the sale, are conclusive in this collateral proceeding, being uncontradicted by any other part of the record. R. S. 1889, sec. 2013; *Adams v. Cowles*, 95 Mo. 501; *Crow v. Meyersieck*, 88 Mo. 415; *Cloud v. Pierce City*, 86 Mo. 357; *Rumfelt v. O'Brien*, 57 Mo. 569; *Brown v. Woody*, 64 Mo. 547; *Howard v. Thornton*, 50 Mo. 291; *Milner v. Shipley*, 94 Mo. 106; *Higgins v. Beckwith*, 102 Mo. 456; *State v. Dugan*, 110 Mo. 138; 1 Freeman on Judg. [4 Ed.], secs. 131, 132, 135; *Hope v. Blair*, 105 Mo. 85; *Johnson v. Beasley*, 65 Mo. 250. (3) An appearance by attorney is good and conclusive in a collateral proceeding. *McNair v. Biddle*, 8 Mo. 257; *Baker v. Stonebraker*, 34 Mo. 172; *Warren v. Lusk*, 16 Mo. 102, 112; *Valle v. Picton*, 91 Mo. 207; *Crow v. Meyersieck*, 88 Mo. 415; *Cloud v. Pierce City*, 86 Mo. 357. (4) And the parti-

tion deed, after the record was offered, having been again offered, it was error to exclude it. (5) If the appearance of an attorney is unauthorized, the proper way to remedy the wrong is by a direct proceeding for that purpose, in which the equities of all the parties interested, and who have become interested, may be taken into consideration and settled. *Harshey v. Blackman*, 20 Iowa, 161.

*Thos. B. Crews* for respondent.

(1) Defendant offered in evidence the sheriff's deed in partition, to which plaintiff objected, on the ground that the proceedings on which it was based were void on their face. The objection was sustained. The record had not then been formerly offered. Instead of standing upon this deed, defendant, anticipating plaintiff's evidence in rebuttal, voluntarily put in evidence the record referred to, after which he again offered the sheriff's deed, and upon plaintiff's contention that the proceedings in evidence—the record, upon which the deed was based—were void upon their face, and the deed a nullity, the deed was excluded by the court. If the first ruling was error, it was harmless. The second ruling was made with the whole record before the court, and it is immaterial whether introduced by plaintiff or defendant. (2) If the whole record taken together in the partition proceeding does not show that the court had jurisdiction of plaintiff then the judgment and all proceedings therein were and are void as to him. Simple extracts from the record are not admissible to show service or appearance any more than to show the want of it. The recitals in the judgment are contradicted by the record. *Higgins v. Beckwith*, 102 Mo. 456; *Milner v. Shipley*, 94 Mo. 109; *Cloud v. Inhabitants*, 86 Mo. 357; *Lamey v. Garbee*, 105 Mo. 355.

BRACE, J.—This is an action in ejectment for an undivided interest in certain real estate, described in the petition, situate in Franklin county. The answer was a general denial. The case was tried by the court without a jury. The judgment was for the plaintiff, and defendant appeals.

The material facts are not disputed. In the year 1851, John K. Bell died, seized of the lands described in the petition, leaving ten children surviving him, of whom the plaintiff was one. In the year 1861, the plaintiff and one of his brothers left Missouri and went west, and thereafter, until the trial of this cause, remained absent from the state.

On the twenty-second of August, 1881, a suit for partition of said lands was instituted in the Franklin circuit court, returnable to the next ensuing November term thereof, by two of the children against the others, in which the plaintiff was named as a defendant in the petition, and his residence stated to be unknown. Some of the defendants in that suit were served by summons and some by publication, but it is conceded that the plaintiff was not legally served in either mode. At the return term, the following entry appears upon the record in said suit:

"Chas. Bell *et al.*
        *v.*            } Partition.
"John T. Bell *et al.*

"Leave to answer on or before sixty days of the next term, and cause continued."

It was admitted that the only answer ever filed in said suit was by two of the defendants, who had been served by summons (Sarah Childers and John T. Bell). At a subsequent term one S. M. Jones was substituted as a party plaintiff in lieu of Charles Bell, and at the May term, 1882, judgment of partition was rendered, and order of sale as follows:

"S. M. Jones, Minerva Parker and
    her husband, Charles E. Parker,
                v.—(Partition)
"John T. Bell, Lilburn Bell, Frank
    Bell, Lydia C. Francis, Susan Per-
    kins, Martin V. Perkins, Almeda
    P. Kennada, Jerome Kennada,
    Sarah Childers and Marion Bell.

"Now, at this day come the said parties, by their respective attorneys, and this cause is now submitted to the court upon the pleadings and the evidence adduced, and the court, being now fully advised of and concerning the premises, doth order, adjudge and decree that partition be had of the lands in plaintiffs' petition described as follows, to wit," etc. Then follows a description of the lands, the finding of the interests of the parties, that the lands can not be divided in kind, and an order of sale in the usual form.

A sale was made in pursuance of the order and reported to the court at a subsequent term, the approval of the report appearing upon the record with the same caption, followed by the recital, "Now, at this day, come the said parties by their respective attorneys," as before.

Afterwards a deed was executed by the sheriff in proper form, duly acknowledged, proved and recorded, reciting the judgment, order of sale, sale thereunder pursuant to advertisements, etc., conveying the premises to S. M. Jones, the purchaser at such sale, under whom the defendant claims.

The defendant, after introducing the record aforesaid in evidence, offered said sheriff's deed, which was rejected by the court, and this is the error complained of.

The statute provides that such a deed "shall be a bar against all persons interested in such premises who shall have been parties to the proceedings, and against

all persons claiming from such parties." 2 R. S. 1889, sec. 7169.

Persons interested in real estate may be made parties to a proceeding for partition thereof, either by proper service of a writ of summons, an order of publication or by voluntary appearance to a petition filed for that purpose. R. S. 1889, secs. 2013–2022.

The record upon which the defendant relies to sustain the sheriff's deed in this cause failed to show that the court acquired jurisdiction of the plaintiff or his interest in the premises, either by summons or publication of notice, and the only evidence furnished thereby of a voluntary appearance by the plaintiff is contained in the recitals quoted. The first contains no evidence whatever of the plaintiff's appearance, being, as it appears upon the record, a mere leave to plead given by the court *ex mero motu*. The third is of no significance, being the usual formal order of approval following the judgment, where no objections are made to the sale or the proceedings under the judgment. The whole force of defendant's contention is determined by the weight to be given to the general recital. "Now, at this day, come the said parties, by their respective attorneys," following the title of the cause in which the plaintiff's name appears among the other defendants in the record of the judgment of partition.

The defendant contends that this general recital is conclusive evidence of plaintiff's appearance in that action, and can not be gainsaid in this collateral proceeding, because it is not contradicted elsewhere by the record. But can it be said, when we look at the whole record, that this recital is not contradicted, and that it appears satisfactorily therefrom that the court acquired jurisdiction? There was no effort made to acquire jurisdiction by summons, for the sufficient reason stated in the petition of the brother and sister that his

residence was unknown.    There was an effort made to acquire jurisdiction by order of publication, the proof of which was filed at the same term that the court, of its own motion, gave leave to answer in vacation, but upon the face of this proof, filed in the cause, the failure to acquire jurisdiction of the plaintiff, by that mode, was patent upon the face of the record, and not a hint is given by any entry of any kind thereafter made that this special condition of the case, with respect to the plaintiff, over whom the court had then failed to acquire jurisdiction by any process whatever, was changed in any particular; but it appeared upon the face of the record that the circuit court had not acquired jurisdiction over the plaintiff or his interest in this land up to the time that this general recital appears in the judgment of partition, which the defendant claims is conclusive and uncontradicted.

If this contention be maintained, then lands in Missouri are held by a very frail and uncertain tenure in case of partition; for, it is a fact well known to the profession, that it is too generally the custom of the clerks, when these entries are made without supervision, to take the style of the case and the names of the parties from the petition, and introduce the judgment by the stereotyped phrase, "now come the parties, by their respective attorneys," without reference to the files to ascertain who has been served and who has not, and without noting what is the actual condition of the record in respect of those who are named as parties in the petition, so that it can be determined whether, as a fact, they have really been made parties in the manner provided by law, and, if anybody comes, without noting particularly who comes, or how.    But when anybody does come, in any manner, we have this general recital: "Now come the parties, by their respective attorneys."

Nevertheless we are cited to a long list of cases as

supporting the contention that this general recital in the connection in which it stands upon this record, is uncontradicted and conclusive upon the plaintiff in this case. These cases will be noticed in their chronological order, and the points decided, bearing on the question, briefly stated.

In *Howard v. Thornton*, 50 Mo. 291, it was held that: "If the whole record taken together does not show that the court had jurisdiction over the defendant, then the judgment would be a nullity. But the court had no right to draw this conclusion from the entry of the judgment alone."

In *Rumfelt v. O'Brien*, 57 Mo. 569, there was a special finding in the judgment that the defendant, who claimed that the service was void for want of notice, "had been duly served with process," made by the court when considering the question whether the defendants had been properly served, and the court said: "It will be observed that nothing is here to show that the several fragments exhibited in evidence constituted the whole record of the Union Bank case. For aught that appears there may have been one or a dozen alias writs or counterparts sent to other counties, and by their means service obtained upon Rumfelt. The judgment solemnly declares that he 'was duly served with process,' and this record imports absolute verity."

*Brown v. Woody*, 64 Mo. 547, is to the same purport as *Howard v. Thornton, supra*.

*Johnson v. Beazley*, 65 Mo. 250, is not in point.

In *Cloud v. Inhabitants of Pierce City*, 86 Mo. 357, service of process was attempted upon the defendant but the service was void as in the case in hand. Nevertheless the record contained the usual general recital of service of process. The court approved the doctrine laid down in Freeman on Judgments, section 125, that: "No presumptions in support of the judgment are to be

allowed in opposition to any statement contained in the record.    If an act be stated in the roll as having been done in a specified manner, no presumption arises that at some future time, the act was done in a better or more efficient manner.    If it appears that the process was served in a particular mode, no other and different service can be presumed.    *    *    *    When, therefore, the record shows that certain steps were taken to procure jurisdiction, and the law does not consider those steps sufficient, the judgment will be regarded as void, for want of jurisdiction over the defendant.''

And it was held that the general recital of service of process contained in the record should not be allowed to show the acquisition of jurisdiction over the defendant, but should only be taken as referring to the invalid service of process shown by the judgment roll.

Upon a like principle it would seem that the general recital in the judgment under consideration "now at this day come the said parties by their respective attorneys," should be taken as referring only to such of the parties as it appears from the roll the court had acquired jurisdiction over, the parties plaintiff who had brought the suit, and the parties defendant who had been brought into court by process.

And in this respect the present case differs from *Crow v. Meyersieck*, 88 Mo. 411, in which it was held that the jurisdiction of a probate court over an insane person upon an inquiry of lunacy was not to be defeated by showing the notice to be defective where the record recited "now at this day come the parties, etc.," since such recital could refer only to the one party who occupied the position of defendant and the party who instituted the proceedings.

It is also to be remembered that in that proceeding the law requires that "the alleged insane person must be notified of the proceeding, unless the probate

court order such person to be brought before the court, or spread upon the record of its proceedings the reason why such notice or attendance was not required." 2 R. S. 1889, sec. 5515. So that a recital of appearance in such a case has a special probative force not analogous to a general recital in an ordinary proceeding.

In respect of the matter under consideration, *Milner v. Shipley*, 94 Mo. 106, simply holds that, if there is any conflict between the recitals in the judgment and in the roll, the latter must control, and *Adams v. Cowles*, 95 Mo. 501, affirms the principles announced in the preceding cases and holds that a recital in the record that an "action had been commenced by petition and affidavit" was not contradicted by the fact that no affidavit was found upon the roll.

In *Higgins v. Beckwith*, 102 Mo. 456, it was held that the general recital in the judgment that "notice was duly served on the defendant" is limited to the specific method of service which the roll discloses, and that no jurisdiction was acquired over the defendant by reason of an entry of record that "the court ordered that the cause be continued by agreement," the court saying, "the appearance of the defendant had never been entered, so far as the record shows, nor that he was present in court, and so it would require a record entry of a more affirmative character to show jurisdiction acquired over him." The other cases cited do not bear directly upon the question.

These authorities, instead of militating against, we think go far to sustain the proposition that the appearance recited in the judgment in the partition case should be limited to such of the persons named in the title of the cause as were actually made parties in the manner provided by law, and ought not to be extended to include the plaintiff, who was merely named as a party, but whom the record as a whole shows was

not in fact a party.   The judgment is affirmed, BLACK, C. J., and SHERWOOD and BURGESS, JJ., concurring; BARCLAY, GANTT and MACFARLANE, JJ., dissenting.

BARCLAY, J. (*dissenting*).—The present is an action of ejectment for an undivided interest in a piece of land in Franklin county.   John K. Bell, now deceased, was the common source of title.   The plaintiff is one of his children, and rests his case on that fact.

The defendant is in possession, claiming to own the same interest as successor to a purchaser of the land at a partition sale, the validity of which constitutes the chief ground of controversy in this appeal.

Plaintiff contends that the judgment in the partition proceeding (on which defendant relies) is utterly void and of no effect, so far as concerns his interest in the land.

Defendant denies that contention.

The record of the partition suit, which was read in evidence by the defendant, shows that two of the children of John K. Bell, and the husband of one of them, were plaintiffs in that suit.   The other heirs of John K. Bell (including plaintiff) were named as defendants.   The petition described the identical land now in controversy, stated correctly the facts of heirship of the various named parties, their ownership of the land by descent from John K. Bell, etc., and prayed partition, etc.

That petition also stated that the residence of the present plaintiff (Frank Bell, then defendant) was unknown to the plaintiffs in that case.

There were writs of summons issued to several of the defendants, all of which writs were duly returned.

As to Frank Bell, and several others, an order of publication was made.   Counsel for defendant concedes that it was not sufficient to sustain the court's

jurisdiction over them, so it need not be further noticed.

At the November term, 1881, of the circuit court of Franklin county, where the cause was pending, appears this record entry:

"Chas. Bell *et al.*   ⎫
            *v.*          ⎬ Partition.
"John T. Bell *et al.*  ⎭

"Leave to answer on or before sixty days of the next term, and cause continued."

Pending the suit, S. M. Jones acquired the interest of Chas. Bell, one of the original plaintiffs, and was substituted as a party in his stead.

There were two separate answers filed in the case, one by Sarah Childers, the other by John T. Bell, by A. A. Underwood, his attorney.

At a later term appears the following record of judgment, viz.:

"S. M. Jones, Minerva Parker and her hus-  ⎫
    band, Ches. E. Parker,                 ⎪
              *v.*  (Partition.)           ⎪
"John T. Bell, Lilburn Bell, Frank B. Bell, ⎬
    Lydia C. Francis, Susan Perkins, Martin ⎪
    V. Perkins, Almeda P. Kennada, Jerome   ⎪
    Kennada, Sarah Childers and Marion Bell. ⎭

"Now at this day come the said parties by their respective attorneys, and this cause is now submitted to the court upon the pleadings and the evidence adduced, and the court, being now fully advised of and concerning the premises, doth order, adjudge and decree that partition be had of the lands in plaintiffs' petition described, as follows, to wit" (describing the lands). "And the court, having made and ordered partition as aforesaid, now proceeds to ascertain the rights and interests of the said parties in said lands, and finds that plaintiffs S. M. Jones and Minerva

Parker, and the defendants John T. Bell, Frank Bell, Lydia C. Francis, Susan Perkins, Almeda Kennada, Sarah Childers and Marion Bell, are each owners of an undivided one-tenth interest in said lands; and it appearing to the court that the lands above described are so situated that they can not be partitioned in kind, without great prejudice to the parties in interest, therefore, it is by the court ordered," etc.

Then follows an order for the sale of the land by the sheriff of the county to the highest bidder, and other orders toward completing the partition, which orders are not the subject of dispute, and need not be recited.

The land was duly sold to Mr. Jones, as appears from the sheriff's report.

The present defendant had no connection with the partition case. He bought the land afterwards from Mr. Jones.

The circuit court approved the report of sale and directed the distribution of the proceeds as follows:

"S. M. Jones, Minerva Parker and Charles E. Parker,

v.    (Partition.)

"John T. Bell, Lilburn Bell, Frank Bell, Lydia C. Francis, Susan Perkins, Martin V. Perkins, Almeda P. Kennada, Jerome Kennada, Sarah Childers and Marion Bell.

"Now at this day come the said parties, by their respective attorneys, and the sheriff's report of sale heretofore filed herein being seen and examined by the court, and found in all respects correct, it is ordered by the court that the said report be and the same is hereby approved and confirmed, and the sheriff is hereby ordered, by deed duly executed, to convey the property sold to, the purchaser or purchasers thereof. And it is further ordered, that out of

the proceeds of said sale shall be paid first, the costs and expenses of this proceeding and suit, and that he distribute the residue to the parties in interest as found and determined by a former order of this court."

In the cause at bar it was admitted that the Frank Bell, mentioned in the record of partition as a party thereto, was the same as the plaintiff herein.

The trial court sustained objections by plaintiff to the record of the partition suit, the principal features of which have been noted.

This ruling resulted in a judgment for plaintiff, from which defendant appealed after the necessary formal steps to bring it here for review. The correctness of that ruling is the decisive issue now.

The objection which plaintiff urges to the record of the partition suit is that that record does not show jurisdiction over the person of Frank Bell. The circuit court approved the objection.

In examining its merits we shall divide the main subject into two parts.

1. The interpretation of the record in the partition suit.

The order of publication conferred no jurisdiction as to Frank Bell. That is granted. But defendant claims that the record of the whole case establishes, by its recitals, that he (Bell) appeared to the suit by attorney, and thus became subject to the action of the court.

The caption to the entry of judgment contains his name, and the entry itself declares that "now at this day come the said parties by their respective attorneys," etc. Did not the court by that language plainly make a record of his appearance?

The idea has been advanced that such a recital should be considered rather a mere formula adopted by the clerk than a solemn finding by the court, and that

it should be interpreted to mean that only those parties came, who have been already duly brought into court.

The clerk is the right hand of the court. The record he makes, when duly approved, is entitled to the same respect and force as though written by the judge himself.

To hold that by the words "said parties," in the opening lines of the judgment, the court meant only some of said parties whose names had just been recited, namely, those already in court, is to narrow the natural and ordinary signification of the words there used.

Further along in the entry of judgment, every possible doubt, as to the persons comprehended and intended by the language of the court, is removed. In defining the interests of "the said parties," in and to the land, which was the subject-matter of the partition, the court mentions Frank Bell by name, as one of the "said parties." So that he is thus expressly pointed out as one of the parties then before the court, and who came "by their respective attorneys."

The same plain designation of Frank Bell, as one of the parties represented in court by attorney, is repeated later in the order approving the sheriff's report of the sale in partition.

The judgment makes no allusion to any order of publication.

The court's jurisdiction to pass judgment is not based by its language upon any process whatever as to Frank Bell. On the contrary the judgment places the jurisdiction on the ground of the appearance of all the parties to the cause; and their names are given in the body, as well as in the caption, of the judgment.

In that respect this case is clearly distinguishable from that of *Cloud v. Pierce City* (1885), 86 Mo.

357, where a recital in the judgment of due service of process was held nullified by other parts of the record showing that the service was defective. But, in that very case, the difference between it and the facts now in judgment was pointed out in this way: "Instances, doubtless, might arise where a return of *non est* on process, or even an insufficient return thereon tantamount thereto, would be remedied by a special recital made of record that the party personally appeared, or appeared by attorney." (p. 368).

The illustration then given presents the real case now in judgment.

In point of fact an attorney might well appear for a party, at the trial of such a case, without regard to any prior service of process on the party. That appearance would confer jurisdiction over the person of that party. The showing, by the record here, that Frank Bell was not served with process, is entirely consistent with his appearance by attorney at the time of the judgment.

Looking at the entire record of the case, we find nothing contradicting the recital of his presence in court at the judgment.

The fact that an abortive attempt had been previously made to give him notice, by publication, has no bearing to discredit the finding that he appeared by attorney at a later stage, namely, at the rendition of judgment. He might well have seen fit not to appear until then, especially in a partition suit. There was no question or dispute at any time as to his interest in the land as heir of John K. Bell. That interest was correctly stated, in the petition in the partition case, to be the same as he now claims it was.

Yet there was no reason why he should not come in, at the final hearing of that cause, as the court that rendered the judgment declares he did.

It certainly was competent for that court to ascer-

tain and adjudge whether the necessary parties to the judgment appeared before it at the time.

As to Frank Bell, the entries already quoted amount, in my opinion, to a very clear and definite finding that he then appeared by attorney. The court had jurisdiction to determine that fact as part of its general power over the subject-matter of the case; and, having determined it, full force and effect should be given to that determination, where the record does not in any way contradict that finding.

The present defendant bought the land from the purchaser at the partition sale. It seems to me that defendant had the right in so doing,. to rely upon the record of the court, asserting its jurisdiction on the ground of the appearance of Frank Bell by attorney.

2.   But what is the proper effect to be ascribed to a finding by the court that a party appeared by attorney?

The answer to this question is furnished by positive authority in this state to the effect that such a recital of appearance is sufficient to support jurisdiction over the person of the party to whom the recital refers, as against a collateral attack on a domestic judgment, based on that recital.

It was so held in an opinion by Judge NAPTON, in *Griffin v. Samuel* (1839), 6 Mo. 50 (since followed in *Miller v. McCoy* (1872), 50 Mo. 214), in an opinion by Judge LEWIS in *Rumfelt v. O'Brien* (1874), 57 Mo. 572, in an opinion by Judge SHERWOOD in *Koehler v. Bernicker* (1876), 63 Mo. 370, and in an opinion by Judge RAY in *Crow v. Meyersieck* (1885), 88 Mo 411.

Considering these precedents and the earlier cases to which they refer, it is not thought necessary to argue again the soundness of the proposition above stated, which they either directly announce, or plainly assume, to be the law.

Nor is it necessary to cite the numerous decisions to the same effect in other jurisdictions in view of these positive rulings in Missouri.

3. The present appeal does not call for any holding as to whether such a recital of appearance by attorney is conclusive or not upon a collateral attack.

No attempt was made by plaintiff in the trial court to prove that the recital was false as to him. The issue of law was joined on the point that the record did not, on its face, show jurisdiction acquired over Frank Bell to render the judgment in partition against him. On that issue the court ruled with the plaintiff, holding the record in partition to be wholly insufficient; and that it did not even *prima facie* show jurisdiction. That ruling seems to me erroneous, for the reasons above mentioned.

In my opinion the judgment in partition should be held good.

Hence this dissent to the conclusion reached by the majority of my learned associates. Judges GANTT and MACFARLANE concur in this opinion.